## ADAMS *vs.* HULL.

The plaintiff being the assignee of a lease and bound by covenant to pay the rents, &c., to the lessor, assigned the same to the defendant by writing, expressing a consideration of $3,000, whereupon the latter executed a covenant to pay the rents, &c., and at the same time gave the plaintiff two notes, under seal, for the payment respectively of $2,000 and $1,000. In covenant upon the first mentioned note, *held* that the defendant might prove by parol that the other note was given as collateral security for the covenant to pay the rent, that he had paid it at maturity and had been afterwards compelled to pay the rent, to a like amount, to avoid a distress, and thus lay a foundation for a set-off against the plaintiff for the $1000.

ON error from the supreme court. Hull brought an action of debt in the court below, against Adams, upon a sealed note and for the balance due upon an account; and issue being joined, the cause was referred to referees, who reported in favor of the plaintiff for a sum less than the amount claimed. The plaintiff moved to set aside the report, which motion was granted at the July term, 1841. The facts proved on the trial and the opinion of the supreme court on that motion, are reported in 1 *Hill*, 601. The cause was again tried before the referees, when the plaintiff gave in evidence a note under seal, executed by the defendant, and dated 12th January, 1839, by which he promised to pay the plaintiff two thousand dollars, by the first day of November, then next, with interest after the first day of May, then next. The following written evidence was then produced by mutual consent, viz.: (1) A lease dated November 25, 1837, executed by one Cocks and his wife to Samuel C. Adams, of a piece of land for a brick-yard and a dock, for the term of twenty-eight years, reserving a rent of $1000 *per annum*, payable on the first day of May in each year. (2) An assignment of this lease by the lessee to the plaintiff, dated 11th December, 1837, expressed to be subject to the rents and covenants therein contained, and a covenant by the plaintiff also endorsed on the lease, engaging with S. C. Adams, the lessee, to keep and perform all the covenants on his part contained in the lease. (3) An assignment of the lease, dated 12th January, 1839, by the plaintiff to the defendant, Abel Adams, expressed to be in consideration of $3000, and of the defendant's having agreed to perform the covenants on the part of the lessee mentioned in the lease—subject to the rents and covenants in the lease, and to a sub-lease of a part of the premises which the plaintiff had given to one A. A. Hull. Under this assignment there was a written covenant of the same date executed to the plaintiff by the defendant, whereby he agreed to keep and perform all the covenants on the part of the lessee contained in the original lease. It was admitted that at the time, of the execution of the last mentioned assignment and covenant, the sealed note on which the suit was brought, and

also another sealed note for the payment of $1000, were exe•cuted by the defendant to the plaintiff.

The defendant then offered to prove that the consideration of the assignment by the plaintiff to him of the lease in question, was the sum of $2000 only, and that the note for $1000, before mentioned, was given to secure collaterally the payment of the rent due to the lessor for one year, and that the note was payable on the 1st day of May after its date, and that the defendant had paid this note to the plaintiff at maturity. The defendant further offered to prove that the plaintiff neglected to pay Cocks, the lessor, the $1000 for rent due 1st May, 1839, in consequence of which Cocks called upon the defendant for the same and compelled him to pay it in order to save his property on the demised premises from distress. The plaintiff's counsel objected to this evidence on the ground that it was inconsistent with the terms and legal effect of the lease, and of the assignment and covenant, and contradictory thereto. The referees rejected the evidence and disallowed the defendant's claim of $1000 so paid, and reported in favor of the plaintiff for the whole amount of his demand. The defendant again applied to the supreme court to set aside the report, which was refused, and judgment was rendered for the plaintiff. A statement of the referees, containing the foregoing facts, was incorporated into the record. The defendant brought error to this court.

*A. Taber,* for the plaintiff in error. 1. The defendant below was entitled to show, notwithstanding the statement in the assignment, that the actual consideration for that conveyance was $2000 and not $3000, and then it would have appeared that both notes were not given for the purchase price of the assignment. (*McCrea* v. *Purmort,* 16 *Wend.* 460; *Belden* v. *Seymour,* 8 *Conn.* 304; *Gully* v. *Grubbs,* 1 *J. J. Marsh.* 388—390.)

2. It was competent for the defendant below to show that the note for $1000 was given without consideration; or that the consideration upon which it was given had failed, or that

the purpose for which it was given had been otherwise accomplished, (2 *R. S.* 406, §§ 77, 78; *Case* v. *Boughton*, 11 *Wend.* 106; *Schoonmaker* v. *Roosa*, 17 *John.* 301, *and cases cited;* *Slade* v. *Halsted*, 7 *Cowen*, 322.)

3. Assuming the parol evidence offered to have been competent, it would have shown an undoubted right to set off the $1000 paid by the defendant for the rent. Upon the case which would · have been made by that proof, it would have been the defendant's duty when he received the amount of the note for $1000, to have paid the money in satisfaction of the rent, and when the defendant was subsequently compelled to pay it, such payment was to the plaintiff's use; or the $1000 which the plaintiff had received was held by him for the defendant's use.

4. That the notes and the assignment and covenant were parts of a single transaction, so as to admit of their being construed together, was matter of presumption not resting in writing. It is therefore liable to be rebutted by parol proof. (*McCullough* v. *Girard*, 4 *Wash. C. C. R.*, 289; *Reay* v. *Richardson*, *C. M. & R.*, 422; *Gerrish* v. *Washburn*, 9 *Pick.* 388; 2 *Starkie's Ev.* 1047—1049; 1 *Phill. Ev.* 562—564; *Cowen & Hill's Notes, p.* 1472 *et seq.*) (*a*)

*M. T. Reynolds*, for the defendant in error. The parol evidence went to contradict the written agreement between the parties, and was therefore properly excluded by the referees.

GARDINER, President. I can perceive no valid objection to the admissibility of the evidence offered by the plaintiff in error and rejected by the referees. The offer was not to contradict the covenant of the plaintiff in error to pay the rent secured by the lease. That, it appears by the evidence had been paid for the year, and the obligation of the covenant so far discharged. The object of the offer was to show that the sole consideration

(*a*) See *Cornell* v. *Todd, ante,* 130.

Adams v. Hull.

of the $1000 note was to secure the rent, which having been *paid*, the consideration for the note had failed. It appears to me that the error upon the part of the learned judge who delivered the opinion of the supreme court, consists in assuming upon no other written evidence than the date of the notes, that each of them was given for a part of the consideration of $3000 expressed in the assignment of the lease. That such an inference could not legitimately be drawn from such evidence was admitted by the counsel for the defendant in error. The party must go farther, and in addition to the date, by extrinsic testimony connect the notes (which *prima facie* are complete and independent agreements) with each other and with the contract in relation to the lease. If this be so, it in effect disposes of the only question in this cause. For if the defendant in error is at liberty to establish by parol evidence that these different instruments, originated in the same agreement, and thus lay a foundation for the inference that these notes were in effect covenants for the payment of the consideration money mentioned in the assignment, the plaintiff in error must have the right to rebut that presumption and show by testimony of the same character that the note in question was executed for a different purpose, or for one that had been accomplished.

This was the effect of the offer made by the plaintiff in error; the substance of which was, 1st, to prove that the consideration of the $1000 note was to secure rent to that amount; 2d, that the note was paid at maturity, and 3d, that the rent was also paid by the plaintiff in error, and consequently that the defendant in error had received, and at the time of the commencement of the suit retained in his hands $1000, which upon every principle of equity was the money of the plaintiff, and a proper subject of set-off against the $2000 note in suit.

Again; it is admitted by the supreme court in their opinion and by the counsel for the defendant in error, as it must be upon the authority of *McCrea* v. *Purmort*, (16 *Wend.* 460,) and *Davenport* v. *Mason*, (15 *Mass. R.* 85,) that the defendant below was entitled to show the true consideration of the assignment, notwithstanding the recitals in that instrument.

Adams *v.* Hull.

The evidence being admissible, let us assume for the purpose of testing this question as true what was offered to be proved upon this subject before the referees, and that the facts thus established in relation to the assignment were specially set forth in that instrument, it would read substantially as follows: " In consideration of $2000 to be paid to me on the first day of December next, with interest from the first day of May, also, in consideration of the said Adams having covenanted to perform all the covenants contained in said lease that I Wager Hull junior am bound to perform; I hereby sell, assign, &c." The notes which the offer admits were executed at the time of the assignment, amount to the sum of $3000. The one upon which the action is founded for $2000, covers the whole consideration above expressed, which upon the supposition is the true and sole consideration to the plaintiff below for that assignment. Suppose that all the writings between the parties placed and construed together, as they should be according to the opinion of the supreme court, and what comes of the learned judge's inference that the note for $1000 was a covenant to pay so much of the consideration? So far from this, the note for $1000 would upon the face of the papers appear to be wholly without consideration, or collateral to the covenant of the defendant below. In a word, it would in this way appear that the evidence offered was consistent with, instead of contradicting the covenants of the plaintiff in error. It left them untouched. The offer in fact assumed their validity, and that they had been fulfilled. By establishing the true consideration of the assignment, (which the learned judge admits to have been the right of the plaintiff in error,) it would appear that the note for $1000 had not, and could not have been executed to secure any part of the consideration of that instrument, but that it must have been given for some other purpose. And then by showing the consideration of the *note*, (a right which is secured by the statute,) the *purpose* for which it was executed would appear; the object for which the note was given and the consideration being in this case identical. These propositions being established the right

to set off the money paid upon the $1000 note would follow as a legal consequence.

My opinion is therefore in favor of reversing the judgment of the supreme court.

PORTER, Senator.   After a careful examination of the opinion of the supreme court and the authorities cited, I am constrained to say that I cannot find any thing in the proof offered by the defendant that necessarily goes to engraft any defeasance, condition or qualification upon any written agreement between these parties.

The proof showing that the true consideration of the assignment was $2000 instead of $3000, as expressed in it, and that showing the consideration of the $1000 note, is not considered objectionable.   In respect to the consideration in the assignment, and the admissibility of parol evidence to shew the true amount of it, the case of *McCrea* v. *Purmort,* (16 *Wend.* 460,) decided in this court, is conclusive.   Judge Cowen, in giving the opinion of the court, reviews the cases upon the point at great length, and shews that although there had been a conflict in the authorities, the current of decisions in most of the states of this union for many years past had been almost universal in favor of its admission.   The question may therefore be considered at rest.

Then in regard to the note for $1000, no doubt exists but that its consideration may be inquired into, as between the parties to the note.   (*Schoonmaker* v. *Roosa,* 17 *John.* 301 ; *Fink* v. *Cox,* 18 *id.* 145.)   The fact that the note was sealed is no longer an objection to this species of defence.   (2 *R. S.* 406, § 77.)   There is now no distinction in this respect between a note with a seal or without one.   (*Case* v. *Boughton,* 11 *Wend.* 106.)   Both classes of contracts are put upon the same footing.   (*Van Epps* v. *Harrison,* 5 *Hill,* 63.)   The proof offered was then admissible to show the amount of the consideration for the assignment and the consideration of the note ; and the case would then have stood thus : Adams had agreed to give Hull $2000 for his interest in the lease, and pay the rent which became due in the following May.   He had covenanted to pay that rent, and to per-

Adams v. Hull.

form the other covenants in the lease, to be performed by the lessee; and he had also given the note as collateral to his covenant to pay the $1000 rent. He had paid the note, and had been obliged afterwards to pay that same sum as rent. Hull had received the money on the note, which was designed by the parties to have been applied to the payment of the rent; and he was bound so to have applied it, upon any principle of law or honesty. He has received the money without any equivalent proceeding from him, and it is the money of Adams in his hands, which he is bound to refund, and the law raises the promise that he will refund it.

The court below have assumed that Adams sought, by the proof that he offered, to contradict his covenants. They say, that " the notes, the provisions of the assignment, the express covenant at the bottom, would all be contradicted by it, both in their direct language and legal effect." With great respect for the court, I must still say, that there is no contradiction whatever of any covenant, or other contract of the parties. The impeachment of the consideration of the note does not certainly fall within that objection. As to the assignment, the consideration, it is clear, may be explained as to its amount. What is said in the assignment respecting the defendant's having covenanted to perform the covenants in the lease, is precisely what the covenant at the bottom binds Adams to perform. And so far from seeking to contradict or alter this covenant by parol, the proof would have showed performance, so far as this rent was concerned. Adams never entered into any other promise, if you throw the $1000 note out of the question, than to pay the $2000 note, and the rent, or other covenants in the lease. It is plain that the note may be impeached without contravening any rule of law; and it appears to me therefore to be demonstrated, that he never asked to be permitted to contradict, alter or impair any written agreement he had made. The proof was admissible, and the judgment should be reversed.

Senators BOCKEE and BEERS also delivered written opinions in favor of reversal.

· Lott, Senator. .I received a strong impression on the argument of this cause that the testimony offered and rejected on the trial was inadmissible by the well established rules of evidence. · That impression is confirmed by a full and careful examination of the authorities.    The offer was substantially to show that the note for $1000 was given as an indemnity to the plaintiff below against his liability to pay the rent which fell due on the first day of May, 1839.    The note is an absolute and unconditional obligation to pay the amount specified in it unaccompanied with any explanatory written agreement.    I will refer to a few cases to show that the evidence offered was inadmissible.

In *Mease, executrix,* v. *Mease,* (*Cowper,* 47,) an action of debt was brought upon a bond conditioned for the payment of money at a certain day.    A plea was interposed that it was given as an indemnity to the testator against another bond, and that he was not damnified.    Lord Mansfield, on a demurrer, held that the plea was clearly bad.    This authority has been frequently recognized by our courts.    In *Thompson* v. *Ketchum,* (8 *John. R.* 190,) the question arose in relation to a note payable on demand.    Parol evidence was offered to show that it was to be paid on the arrival of the parties at New-York ; but it was rejected by the court on the ground that it was "against established rule to vary the operation of a writing by parol proof."    In *Wells* v. *Baldwin,* (18 *John. R.* 45,) the defendant pleaded that the bond on which the action was brought, being for the absolute payment of a sum of money in instalments at specified times, was given as collateral security for the performance on the part of the defendant of a certain contract or agreement entered into between the parties for clearing lands, and that in consequence of the non-performance of the contract by the plaintiff, the bond had been discharged and was inoperative and of no effect.    On demurrer, Chief Justice Spencer said : "The bond is with a condition that the defendant shall pay certain sums of money at fixed days, and it would be contradicting and impugning the bond to admit proof, that instead of paying the money stipulated in the condition, the plaintiff was not to be paid unless he cleared certain lands in a particular

manner. It would be against the strong current of authority to admit such a defence." In *Jackson* v. *Jackson*, (5 *Cowen*, 173,) the court after an examination of the cases above cited, came to the conclusion that parol evidence was not admissible to show that a mortgage for the absolute payment of money was in fact given to indemnify the mortgagee as special bail for the mortgagor, and that the mortgagee never sustained damage in consequence of becoming such bail. In *Patchen* v. *Pierce*, (12 *Wend.* 61,) the court held that the circuit judge had erred in permitting the introduction of proof to show that a chattel mortgage for the payment of money was given to secure the mortgagee against his responsibility as surety on a note for the mortgagor.

The same rule is held to apply in courts of equity, but I will refer to one case only. · In *Meads* v. *Lansing*, (*Hopk. R.* 124,) parol testimony was given to prove that a mortgage conditioned for the payment of $1000, was in fact given only as a security for the re-conveyance of a lot of land, but the chancellor held it inadmissible. These cases appear to me to be conclusive against the admissibility of the evidence offered, and I may add to them the case of *Kinney* v. *Russell*, decided at this term, (*post.*)

It is said however that the offer was merely to show the true and actual consideration of the lease. In cases where the actual payment of the consideration is the subject of controversy, or where it becomes necessary to measure the damages on a breach of covenant in a deed, it has been frequently held that the acknowledgment of the payment of the consideration money expressed in the deed is not conclusive either of the amount or of the payment thereof. (*Shephard* v. *Little*, 14 *John.* 210; *Bowen* v. *Bell*, 20 *id.* 338; *Morse* v. *Shattuck*, 4 *N. Hamp.* 229; *Belden* v. *Seymour*, 8 *Conn.* 304.)

Those cases however are founded on the principle that a receipt is always subject to explanation, and they do not conflict with the rule above laid down. Justice Woodworth in the case of *Bowen* v. *Bell*, above cited, expressly says: "When one species of consideration is expressed, another or different one

cannot be proved. Neither can parol proof be admitted sub-
stantially to vary or contradict a written contract; but these
principles are inapplicable to a case where the payment or the
amount becomes a material inquiry."

In the case under consideration however, the action was not
for the recovery of consideration money. The suit was founded
on a sealed note of $2000, and if it be conceded that it was
given for part of the consideration money and that the evidence
is equally admissible to show what the actual consideration
was, yet the evidence offered in relation to it was properly re-
jected even if it be considered as a distinct proposition discon-
nected with the residue of the offer. It was, that the true and
real consideration of the assignment of the plaintiff to the defen-
dant was two thousand dollars besides the covenant of the
defendant. Proof of that fact would not have been a defence
or available in any way. It was not sought to recover more
than the sum of two thousand dollars. But I think this offer
was intended to be and must be considered as part of an entire
proposition, the object of which was to show that the defendant
was entitled to deduct from the plaintiff's claim the amount of
the $1000 note paid.

It is strongly insisted that the case of *McCrea* v. *Pur-
mort*, decided in this court, (16 *Wend.* 460,) is a decisive
authority in favor of the admissibility of the evidence offered.
I have therefore given it a particular examination. It appears
that three opinions were delivered on the decision of that cause,
but that of Justice Cowen is alone given in the report of it.
This, although containing some remarks which afford coun-
tenance to the claim, does not in my judgment support it.
The case came before the court on an appeal from a decree of
the chancellor. The facts are not fully stated in the report of
the case in this court, but a reference is made for a fuller state-
ment to the case as reported in the decision of it by the chan-
cellor. (5 *Paige*, 620.) An examination of it shows that
the principal and in my opinion the controlling ground of equity
presented arose from misrepresentations made by McCrea, by
which Purmort was induced to give him a bond and mort-

gage to a larger amount than was actually payable. The state held a mortgage on the land which was the subject matter of the dealings between the parties, and in the negotiation between them it was represented by McCrea that he had made provision for its extinguishment. In consequence of this representation Purmort gave him a bond and mortgage for the whole amount of the consideration money of the land. It afterwards appeared, however, that McCrea had not paid this mortgage to the state and that they subsequently proceeded to foreclose. The chancellor, in coming to his conclusion, says, " the amount of the debt [to the state] was included in the bond and mortgage to McCrea, under the assumption or understanding that McCrea had become responsible to the state for the payment thereof; and Purmort having subsequently paid the whole amount of that bond and mortgage, under the assumption that the state debt had been discharged, the defendant McCrea, is in equity, bound to make good his representations made to Purmort at the time when such bond and mortgage was given." A decree was made accordingly, which, on appeal, was affirmed unanimously. Justice Cowen, in his opinion given on the affirmance of that decree, after disposing of some minor questions, and after remarking that it had been strenuously insisted on the argument that the whole of the proofs were inadmissible within the rule which forbids the contradicting and explaining of written instruments by oral evidence, says, " I should think the turning question in the cause to be, whether either party may not inquire into the consideration with great freedom." He then, after remarking that the deed states a consideration of $5100 in hand paid, and that the chancellor received parol evidence to show that the consideration was not *money* but *iron* of a certain quality and estimated at a certain value, (a fact which, however, does not appear in the case as reported and is apparently immaterial, because the bond and mortgage was so payable,) says, " there is certainly a conflict of authority on this point, greater than I supposed at the argument, and I am glad it has been brought before the court of dernier resort." The learned judge then, after elaborately examining a large number

of cases deemed by him applicable to the question, says, "Looking at the strong and overwhelming balance of authority, as collected from the decision of the American courts, the clause in question, even as between the immediate parties, comes down to the rank of *prima facie* evidence, except for the purpose of giving effect to the operative words of the conveyance. To that end and to that alone is it conclusive." Upon the application of that rule he considered that neither party was concluded by the receipt for the consideration expressed in McCrea's deed to Purmort.

Assuming this point to have been necessarily involved in the decision of that cause, (which I however do not concede,) it does not, in my opinion, support the position contended for by the counsel for the plaintiff in error. On the contrary it appears to me to repudiate it most distinctly. The learned judge, in his discussion of the question, expressly says, that " wherever a right is vested, or created, or extinguished, by contract or otherwise, and writing is employed for that purpose, parol testimony is inadmissible to alter or contradict the legal and common sense construction of the instrument; but that any writing which, neither by contract, the operation of law nor otherwise vests, or passes, or extinguishes any right, but is only used as evidence of a *fact*, and not as evidence of a *contract* or *right*, may be susceptible of explanation by extrinsic circumstances or the facts. Thus a will, a deed, or a covenant in writing, so far as they transfer or are intended to be the evidences of *rights*, cannot be contradicted or opposed in the legal construction by facts *aliunde*. But receipts and other writings which only acknowledge the existence of a *simple fact*, such as the payment of money for example, may be susceptible of explanation and liable to contradiction by witnesses."

It cannot be denied that the $1000 note in question solemnly executed under the seal of the party created a right and was intended to be an evidence of a right; and by the application of the rule laid down by Mr. Justice Cowen it cannot be contradicted or opposed in its legal construction by facts *aliunde*. The only principle which, in my judgment, can be drawn from

that opinion is, that the acknowledgment of the payment of the money expressed in a deed is not conclusive either of the amount or the payment thereof. It is evident that the learned judge himself did not consider that case as authority to sustain the views of the plaintiff in error, as it appears that he delivered the opinion in the case under consideration. But whatever may be the construction of that opinion or the conclusion to be drawn from it, it appears to me that the decision of that case did not involve the question how far the consideration in a deed is, as a *general* rule, open to inquiry. The cause came before this court, as I have before remarked, on an appeal from a decree of the court of chancery founded upon allegations of misrepresentation and other facts and circumstances of a peculiar character, which in the application of the principles of equity jurisdiction in cases of fraud, accident or mistake, opened the whole transaction to inquiry in that court. The chancellor does not advert to the general rule referred to, but appears to have based his decision on the peculiar equities growing out of the circumstances of the case and to a great extent on the misrepresentations of McCrea. Rules fully established and recognized in the court of chancery as applicable to questions of that nature have no application to courts of law. This distinction is important to be borne in mind to prevent a misconstruction of the principle established in such cases. The doctrine that a deed absolute on its face, might be shown, even in a court of law, to have been intended as a mortgage, long prevalent but repudiated by this court in *Webb* v. *Rice*, (6 *Hill*, 219,) originated from a disregard of that distinction.

If however the principle established in the case of *McCrea* v. *Purmort* would justify evidence of an agreement by Adams to apply $1000 of consideration money expressed in his assignment to the defendant in discharge of the current rent, if the question depended only on the consideration clause, as to which I express no opinion, yet I agree with that court that it cannot be considered applicable where the defendant has, in addition to the *prima facie* evidence of his agreement raised by the consideration clause to pay $3000 as the consideration money, entered

Adams *v.* Hull.

into an absolute covenant for its payment, and also into a further covenant to pay the rent in question.

It is conceded by the plaintiff in error, that had the covenant and the two notes shown upon their face that they were all but parts of the same contract, then the parol proof offered would have been contradictory to the written proof. I think they must be considered as one instrument. They were all executed at the same time and form a part of one transaction. I admit that this, as was contended on the argument, is only a presumption, open to be rebutted by proof, but no such proof was offered.

The only remaining point to be considered relates to the consideration of the $1000 note. The right to impeach the consideration of a sealed instrument applies only where the action or set-off claimed is founded on it. (2 *R. S.* 406, § 77.) This note formed no part of the ground of action in this suit, nor was the set-off founded on it. But if it be conceded that the consideration was open to inquiry, yet I concur with the supreme court, that it is not applicable to this case. The evidence offered was not to show a want or failure of consideration. It is admitted in the offer that there was a consideration. There was no failure. The note was paid at maturity, and before the rent was paid. The offer was to show a different consideration from that expressed in the note. (*See also M'Curtie* v. *Stevens,* 13 *Wend.* 527.)

In conclusion I will add, in the language of Chancellor Sandford in *Meads* v. *Lansing* above cited, that " the cases in which oral testimony is received to contradict or vary a written instrument have been sufficiently extended ; and no court is at liberty to make any further encroachment on the statute of frauds, or upon the salutary rules of the general law which exclude oral testimony offered to defeat or vary instruments in writing." Entertaining these views, I am of opinion that the judgment of the supreme court should be affirmed.

Senator JONES also delivered a written opinion in favor of affirmance.

On the question being put, " Shall this judgment be reversed ?" the members of the court voted as follows :

*For reversal :* The PRESIDENT, and *Senators* BEERS, BOCKEE, CHAMBERLAIN, DEYO, EMMONS, FOLSOM, PORTER, SCOVILL, SMITH and VARNEY—11.

*For affirmance :* Senators BACKUS, HAND, JONES, LOTT and WRIGHT—5.

Judgment reversed.