## GRAVES vs. PORTER.

Where a person takes an assignment of a lease he enters into the place of the lessee and takes the premises subject to the accruing rent. This is the legal effect of the written contract; and any proof to show that the lessee agreed to pay the rent which should thereafter become due, would contradict the written contract. Therefore parol evidence for that purpose is inadmissible.

IN May, 1847, an agreement was made between one Perry and the defendant, by which Perry was to sell a farm then in Porter's possession to Porter, for $1000, and Porter was to purchase the farm, provided a certain mortgage upon it should be paid. It was also further provided in the agreement, that Porter should hold possession of the farm as tenant, at the yearly rent of $70 from the first day of April previous, until the mortgage should be discharged, and then Perry was to convey. In January, 1850, the defendant, reciting that it was in consideration of $300 to him in hand paid by the plaintiff, the receipt of which was acknowledged, transferred, assigned and set over to the plaintiff all his right, title and interest in and to the instrument, (the contract and lease) and authorized the plaintiff, in his name or otherwise, to take legal measures for the enforcement of the contract and the enjoyment of the assigned premises. The plaintiff entered into possession of the premises, and in May thereafter was compelled to pay to Perry $70 for the year's rent due April 1, 1850.

The action was brought to recover from the defendant this $70. The plaintiff offered to prove that some time previous to the assignment to him, it was virtually agreed that the defendant, in consideration of $300, should assign the contract and

Graves v. Porter.

lease to the plaintiff, and should pay the rent to become due in April, and that the written assignment was made in part performance of this agreement; that he paid to the defendant $225, and a note for $75, made by one H. Graves, payable the first day of April. He also offered to prove that in consideration of the note, and the acceptance of the assignment, the defendant agreed verbally to pay the rent to become due in April·; that the note was paid at maturity; that the defendant did not pay the rent, and that the plaintiff was compelled to, and did, pay it. The offered evidence being objected to, was rejected, and the plaintiff excepted. He then offered to prove that when he paid the rent to Perry he took an assignment from Perry of the amount and claim for rent, against the defendant. This was rejected and the plaintiff excepted. The plaintiff was nonsuited, and he excepted; and judgment being perfected, he appealed to the general term.

*F. J. Fithian*, for the plaintiff.

*L. F. Bowen*, for the defendant.

*By the Court*, MARVIN, J. The consideration clause in the assignment of the lease was open to explanation by parol evidence. (*McCrea* v. *Purmort*, 16 *Wend.* 460. *Adams* v. *Hill*, 2 *Denio*, 306. *Cowen & Hill's Notes*, 1441.) But do the questions raised in the case turn upon the rule in relation to explaining or contradicting the consideration clause? Would not the evidence offered have contradicted the contract between the parties? The obligations which the law, under the contract, imposed upon the parties, constitute a part of the contract. Whatever is to be legally implied from a contract, is a part of it. The defendant was lessee of Perry; a year's rent was to become due in April, and in January previous he assigned and set over to the plaintiff all his right, title and interest in and to the lease. The plaintiff accepted the assignment and entered into possession. As between the plaintiff and defendant upon whom did the law impose the obligation to pay the rent when it became due in

April? The decision in this case depends upon the determination of this question.

If the plaintiff, by accepting the assignment of the lease and entering into possession, became bound, as to the defendant, to pay the rent when due, then any evidence to show that the defendant agreed to pay it, would contradict the contract—that is, the legal effect of the contract. I am not aware that this question has been decided by our courts.

A lessor may resort to his lessee upon his covenants in the lease, for the rent, or to the assignee, upon the privity of estate. (*Comyn, L. and T.* 270.) But suppose the lessor collects the rent of the lessee, may he collect the amount he has been compelled to pay, from his assignee? or, if the lessor collects the rent of the assignee, has the latter any claim upon the lessee for a portion of the rent so paid?

In my opinion when the assignee accepts the assignment of a lease prior to the rent becoming due, he takes it *cum onere*—subject to the payment of the rent which shall thereafter become due, and to the performance of the covenants running with the land, which, by the terms of the lease, the lessee was bound to perform. He must pay the whole rent when it becomes due, and he can not collect a portion of it from the lessee his assignor. The rent, as between them, in the absence of any special agreement, can not be apportioned. The assignee having accepted the assignment and entered, impliedly undertakes to pay the rent and save the lessee harmless. If he fails to pay, the breach occurs while he is tenant, and the lessee is in danger by reason of his covenant broken.

In the present case the defendant assigned to the plaintiff his right, title and interest in the lease : that right was to enjoy the premises upon certain terms, viz. " at the yearly rent of $70," payable in April of each year ; and when the plaintiff accepted the assignment he entered into the place of the defendant and took the premises subject to the accruing rent. This was the legal effect of the written contract ; and any evidence to show that the defendant was to pay the rent becoming due in April,

would contradict the written contract, and parol evidence for this purpose was not admissible.

In *Bennett* v. *Lynch,* (5 *B. & C.* 589,) the lessor had assigned the lease. Certain covenants running with the land were broken while the assignee was in possession, and the lessor, for these breaches recovered damages of the lessee, who then sued his assignee in an action on the case founded upon the duty or obligation of the assignee to perform the covenants and save the lessor harmless. The action was sustained. All the judges delivered opinions. They held that it was the duty of the assignee to pay the rent and perform the covenants in the lease.

*Adams* v. *Hull,* (2 *Denio,* 306,) is not in point. The decision was put expressly upon the ground that the evidence offered went only to vary or contradict the consideration clause of the assignment. In the present case the evidence offered would have contradicted an essential part of the contract, which imposed obligations upon one of the contracting parties. The evidence was properly rejected, and the judgment should be affirmed.

[Erie General Term, April 26, 1852. *Taggart, Marvin, Hoyt* and *Mullett,* Justices.]