## HOLSMAN *a.* DE GRAY.

*New York Superior Court ; Special Term, January,* 1858.

PLEADING.—LIABILITY FOR RENT OF ASSIGNEE OF LEASE.

A covenant to pay rent runs with the land and binds the assignee; and when a covenant to pay rent becomes broken after an acceptance of an assignment, and during actual possession, the assignee is liable for the whole rent then becoming due.

The complaint in an action by the landlord against an assignee of the lease, was held good on demurrer, although it did not aver that the rent was unpaid at the commencement of the action; but merely that, although frequently requested, the assignee had refused to pay.

Demurrer to complaint.

The plaintiff leased the premises mentioned in the complaint to John T. Bailey & Brothers, by a lease, dated March 1, 1855, for three years, from May 1, 1855, at $1660 per annum, payable quarterly. The lessees entered and continued in possession until August 28, 1857, when they assigned the lease to the defendant, who accepted the same, and immediately thereafter entered into possession and continued therein up to December 5, 1857.

The quarter's rent of four hundred and fifteen dollars fell due on November 1, 1857, and the defendant paid on October 29, 1857, on account of such quarter's rent, the sum of $276.76, the proportion from the 28th of August to the 1st of November. This action was to recover the balance of $138.24, with interest.

The complaint was as follows :

" That on or about the first day of March, 1855, he (said plaintiff), by an instrument in writing bearing date on that day, did demise unto John T. Bailey, Alfred Bailey, and Andrew Bailey, composing the firm of Bailey & Brothers, the premises known as No. 454 Pearl-street, in the city of New York, for the term of three years, from the first day of May, 1855, at the yearly rent of sixteen hundred and sixty dollars, payable quarterly, on the first days of August, November, February, and May, in each and every year, payment whereof in manner aforesaid, and at the several times aforesaid, the said Baileys covenanted and agreed to and with said plaintiff to make.

" That on the said first day of May, the said Baileys entered into possession of said demised premises, and continued in possession thereof until about the 28*th day of August*, 1857, on which day the said Baileys duly assigned said lease and leasehold premises to the defendant, who thereupon accepted the same, and immediately thereafter entered into possession thereof, and continued in possession thereof, under said lease and assignment, up to the fifth day of December, 1857. That on the first day of November, 1857, during the time the said defendant was possessed of said premises, the sum of one hundred and thirty-eight dollars and thirty-three cents was due and payable, pursuant to the terms of said lease, for the balance of rent of the quarter commencing on the first day of August, and termi-

nating on the 31st day of October, 1857 : the said defendant having paid the sum of two hundred and seventy-six dollars and sixty-seven cents, on the 29th day of October, 1857, on account of said quarter's rent.

"That frequent demands have been made upon the said defendant for the payment of said balance, but he refused to pay the same.

"Wherefore," &c.

*Capron & Lake*, for the defendants. The complaint is insufficient.—I. It does not aver in terms, nor does it show by statements equivalent to such an averment, a breach of the agreement to pay rent. The complaint should either contain an averment that "neither the assignee nor the lessee paid the rent," or should show that fact by tantamount averments; such as, " that the rent is yet in arrear," or " is yet unpaid," or " is yet due to the plaintiff" (Executors of Dubois *v.* Van Orden, 6 *Johns.*, 105 ; Van Rensselaer *v.* Bradley, 3 *Den.*, 135, and see 143, 144), in order to show a cause of action. It merely avers that the rent sued for " became due on the 1st day of November," and that frequent demands have been made on the defendant, but that *he* refused to pay the same. For all that appears, the rent may have been paid by the lessee. The demand in this case is immaterial, for the rent is payable on a day certain, and no demand is necessary before suit. The material fact to constitute a breach is, that the rent was still unpaid when the suit was brought. This the complaint does not show.

II. The complaint shows affirmatively that the plaintiff has no right of recovery against the defendant. The landlord's remedy for the portion of the rent which accrued before the 28th of August, is against the original lessee alone, who is also liable, at the election of the landlord, for the whole. The assignee is not liable to pay rent which accrued before he became assignee, though it became due after he became assignee. (Glover *v.* Wilson, 2 *Barb.*, 264 ; 2 *East.*, 575 ; Van Rensselaer *v.* Bradley, 3 *Den.*, 135, and see page 144 ; Childs *v.* Clark, 3 *Barb. Ch. R.*, 52 ; Zule *v.* Zule, 24 *Wend.*, 77 ; *Taylor on Landl. & T.*, 185 ; *Woodfall on Landl. & T.*, 192.)

*Mr. Kissam*, for the plaintiff.

HOFFMAN, J.—I have examined the following cases : Williams
v. Bosanquet (1 *Brod. & B.*, 72) ; Astor v. Miller (2 *Paige*, 68) ;
Astor v. L'Amoreaux (4 *Sandf.*, 524) ; Graves v. Partee (11
*Barb.*, 592) ; Burnett v. Lynch (5 *Barnw. & C.*, 589) ; Van
Rensselaer v. Bonesteel (24 *Barb.*, 365) ; Dolph v. White (2
*Kern.*, 296).

I think this proposition is undoubted law, that a covenant to
pay rent runs with the land, and binds the assignee of the lease ;
and that when a covenant to pay rent becomes broken, after an
acceptance of an assignment and during actual possession, the
assignee is liable precisely as the lessee would have been.

Whatever, then, may be the case as to a liability for covenants
broken before possession, or after possession is relinquished, the
rule above stated clearly decides the present question.   The de-
fendant was in the occupation under his assignment when the
quarter's rent fell due and the breach of the covenant occurred.

Judgment for the plaintiff, on the demurrer, with costs.