# N. Y. COMMON PLEAS.

## THERESE LYNCH agt. MARKS RINALDO.

*Apportionment of interest money as between vendor and purchaser.*

Where property is conveyed subject to a mortgage upon which back interest has accrued, but has not become payable according to the terms of the instrument, and the vendee is obliged to pay such interest to the holder of the mortgage when it becomes due:

*Held*, that the vendee has no cause of action against the vendor for the proportionate amount which had accrued prior to the delivery of the deed, in the absence of an express covenant upon the part of the vendor to pay the same.

Rent, when apportioned as between assignor and assignee, see note at foot of case.

*General Term, December,* 1876.

On the 29th day of April, 1873, the defendant entered into an agreement in writing with the plaintiff to convey to her, on May 15, 1873, certain buildings known as Nos. 309 and 311 East Thirty-eighth street, New York city. The premises, in accordance with the terms of the contract, were to be conveyed subject to a mortgage amounting to $8,000, and which she, the plaintiff, assumed and agreed to pay.

Rinaldo, in accordance and compliance with the terms of his contract, on May 15, 1873, by deed duly executed by himself and wife, conveyed said premises to Mrs. Lynch, subject, however, to the mortgage given to secure the payment of the sum of $8,000, and which mortgage Mrs. Lynch, the plaintiff, in and by said deed, assumed and agreed to pay.

At the time of the delivery of the deed (May 15, 1873) interest had accrued on the mortgage since December, 1872, although it was not due or payable, according to its terms, until June 30, 1873.

There were some taxes and assessments on the property

remaining unpaid which Rinaldo arranged satisfactorily with Mrs. Lynch, but nothing was said by either party about the payment of any interest on the mortgage, which semi-annual interest was to become due about two months after the passing of the title, to wit, on or about June 30, 1873.

The plaintiff claimed to have paid the semi-annual interest which became due on June 30, 1873, and brought this suit to recover the portion thereof from December 30, 1872, till the time of the delivery of the deed on the 15th of May, 1873, on the ground that he contracted and agreed with her, as she alleges, in the month of May, 1873, for a good and valuable consideration, to pay the same. But no such agreement appears in the written contract the parties executed, or in the deed subsequently delivered in pursuance of such contract, and no satisfactory evidence to support such an agreement was offered on the trial.

The cause was tried before judge VAN BRUNT and a jury at trial term, in January, 1876, and resulted in a dismissal of the complaint.

*William G. Bussey*, for plaintiff and appellant.

*Jacobs & Sink*, for defendant and respondent.

*Present*, J. F. DALY *and* VAN HOESEN, *JJ.*

*Per Curiam.* — The plaintiff utterly failed to show any agreement by the defendant to pay the interest which had, at the time of the conveyance, accrued upon the mortgage. The evidence on that point is the following :

Mr. Mudgett, the plaintiff's agent, swears that "Rinaldo said he could not raise money enough to pay his interest, taxes and assessments, and we agreed to take a note for the taxes and assessments. He was to pay his interest at the time the deed was executed. The interest was overlooked and none of us thought any thing about it."

On cross-examination he was asked if the defendant, in any conversation with him, actually agreed to pay the accrued interest?

A. He did, sir.

Q. When was it?

A. It was previous to passing the title; after the contract was made; and even after the deed was passed I saw him about it.

Q. What did he say?

A. Well, he said he would have to see Mr. Jacobs; Mr. Rinaldo agreed to pay the interest on that property, also the taxes and assessments.

By the Court — You say he promised to pay the interest before the deed was delivered and afterwards?

A. Yes.

Q. What did you say to him after the deed was delivered?

A. "After I discovered the interest had been overlooked I went to Rinaldo and told him we had made a mistake;" "well, then," says he, "I will have to see Mr. Jacobs about that, and I will call and see him in a few days; you can call to see him;" "Jacobs said he would stand suit."

This is the only evidence of any agreement by defendant outside of his written contract of sale, and the deed delivered in pursuance of it.

The contract does not provide for the payment of interest upon the mortgage accruing at the time of the delivery of the deed.

There is nothing in the case from which we can infer an implied promise on the part of the defendant to pay such interest. The plaintiff having failed to establish a cause of action the complaint was properly dismissed.

Judgment affirmed.

NOTE.— A similar question in regard to an assignment of a leasehold interest came up in *Hull* agt. *Stevenson* (13 *Abb.* [*N. S.*], 196), wherein it was sought to apportion rent. The New York marine court, trial term, held, in that case, that accruing rent is not an incumbrance, yet, that the·

assignee was entitled, upon the principle of subrogation and equitable apportionment, to be allowed for the rent up to the time of the transfer. The general term of that court (JOACHIMSEN, ALKER and McADAM, JJ.) reversed the trial term, holding that where a person takes an assignment of a lease he enters into the place of the lessee and takes the premises subject to the accruing rent (*citing Graves* agt. *Porter,* 11 *Barb.,* 592), and that rent was not a debt or charge until it was due and payable, and that there was no implied covenant to pay rent which had accrued, but was not yet due and payable, where the instrument was silent in that regard, and that there could be no enforced apportionment in such a case. [ED.