SAMUEL T. TATE, RESPONDENT. *v.* JAMES J. McCOR-MICK, APPELLANT.

*Liability of the assignee of a lease for rent accruing after the assignment—Code of Civil Procedure, § 999—motion for a new trial thereunder.*

Although the continued possession of the demised premises by an assignee of a lease, after he has assigned the same, may be evidence of fraud, and tend to show that the assignment was merely colorable or fictitious, yet that fact standing alone is not sufficient to establish the invalidity of the assignment, or render such assignee liable for rent thereafter accruing.

Under section 999 of the Code of Civil Procedure, a party may move for a new trial, on the ground that the verdict is contrary to law, and upon an appeal from an order denying such a motion the whole case is before the appellate court, upon the law as well as the facts.

APPEAL by the defendant from a judgment of the County Court of Kings county, entered on a verdict in favor of the plaintiff; and from an order of the said County Court denying a motion for a new trial, made upon the minutes.

The plaintiff is the owner of six lots of ground on Gates avenue, between Tompkins and Throop avenues, in the city of Brooklyn, forming part of what is known as Lefferts' Park. On February 24, 1877, the plaintiff leased those six lots to one Hyde, who thereafter, and on February 24, 1877, assigned his lease to the defendant, who thereupon went into possession of the premises.

About February 24, 1878, the defendant claimed to have assigned the Hyde lease to one Gourlay, and served a notice to that effect on the plaintiff, who thereupon caused to be served on the defendant a notice that he would not recognize any assignment, but would continue to hold him on the lease. The plaintiff's evidence tended to show that after the assignment to Gourlay the defendant continued to use the whole park in the same way in which he had used it before such assignment. This action was brought to recover the installments of rent, payable under the lease, on August 1 and September 1, 1878, and on May, June, July, August and September 1, 1879.

The county judge submitted the case to the jury on the single question, "Did McCormick, after he assigned this lease, continue in possession of the particular premises described by that lease? If he did he is liable; if he did not he is not liable. That is all there is for you to decide."

*John H. Bergen,* for the appellant. The lessee, after assignment, still remains liable upon all his covenants to the lessor, by reason of his privity of contract, and the assignee of the lessee will be liable to the lessor upon such covenants only while he remains a tenant. He may relieve himself of responsibility by assignment over to another. (*Post* v. *Jackson,* 17 Johns., 239; *Carter* v. *Hammet,* 18 Barb., 108; *Van Schaick* v. *Third Avenue R. R. Co.,* 30 Barb., 189; Id., 409, and affirmed, 38 N. Y., 346; *Steppain* v. *Richards,* 1 Hilt., 509; *Siefke* v. *Koch,* 31 How. Pr., 383; *Carter* v. *Hammet,* 18 Barb., 108; *Childs* v. *Clark,* 3 Barb. Ch., 52; 38 N. Y., 346; 30 Barb., 189; 18 Barb., 608; Gerard on Titles, 184; *Dolph* v. *White,* 12 N. Y., 296.)

*J. Stewart Ross*, for the respondent. The assignee of a lease is only liable as such assignee for the rent which accrued or became payable, or for other covenants broken while he was such assignee, and may discharge himself from all further liability by assigning his interest in the premises to a stranger, even if the assignee is a beggar, provided he actually relinquishes the possession of the premises, and all interest therein, so that the assignment is not merely colorable or fraudulent. (*Childs* v. *Hull*, 3 Barb. Ch., 60 ; *Carter* v. *Hammet*, 18 Barb., 611 ; *Holsman* v. *De Gray*, 6 Abb. Pr., 79–82 ; *Astor* v. *Lamoreux*, 4 Sandf., 527.)

GILBERT, J. :

This action was brought to recover rent which had accrued upon a lease between the plaintiff as lessor, and one Hyde as lessee. The lease bears date February 24, 1877, and demised a part of premises known as Lefferts' Park for a term of three years. On the same day the lease was made, Hyde assigned it to the defendant. On February 23, 1878, the defendant assigned the lease to one Gourlay. A recovery was had for rent which fell due after the latter assignment was made. The case contains no exceptions. A motion was made for a new trial, and denied, and this appeal is from the order denying a new trial as well as from the judgment. Such a motion may now be made upon exceptions, or because the verdict is contrary to law. (Code of Civ. Pro., § 999.) An appeal may be taken from an order made by a County Court, which affects a substantial right. (Id., § 1342.) Has a party then a right to have a verdict set aside which is contrary to law ? If he has, the whole case is before us for review, upon the law as well as the facts. We think he has such right, for the reason that the power to set aside a verdict was given for the promotion of justice. Therefore, suitors have a right to insist on the exercise of the power in a proper case. (*MacDougall* v. *Paterson*, 11 C. B., 772 ; *Mayor* v. *Furze*, 3 Hill, 612.)

We are of opinion also, that the verdict in this case is contrary law. An assignee of a lease may always discharge himself from liability for subsequent breaches of the covenant to pay rent by assigning over. Privity of estate is the sole foundation of the

assignee's liability. It follows, therefore, that an actual assignment by such assignee of his interest to another, determines the privity of estate between him·and the reversioners. A merely colorable or fictitious assignment of a lease, which does not accomplish an actual transfer of the interest of the assignor in the demised premises, but leaves him in the rightful possession and enjoyment thereof, is a nullity. But if the assignment be absolute and valid, it operates at once to transfer the interest of the assignor, and that interest includes the possession of the demised premises. It is not necessary to the completion of the transfer, that the second assignee should make an actual entry into possession of the demised premises. In contemplation of law, possession follows the deed. The possession of an assignor after he has made an assignment may be a badge of fraud, but in the absence of evidence that the assignment was ineffectual to accomplish the transfer which it purported to make, such continued possession by the assignor does not destroy its legal effect. Nor is it material that the assignment was made solely for the purpose of ridding the assignor of the charge. He may assign to one who cannot be sued, to a beggar, or to one to whom he has given a bonus to accept the assignment. Such facts do not impeach the validity of an assignment. Nor does mere possession without right. The authorities on this subject are numerous and accordant. (2 Platt on Leases, 416, et seq.; Tayl. Land. & Ten., § 452; Wash. R. P., bk. 2, ch. 1, § 1, ¶¶ 15, 16, and cases therein cited.) The cases cited by the respondent's counsel do not conflict with the rule stated. In *Carter* v. *Hammett* (18 Barb., 608), the defendants had judgment on the ground that they were not assignees of the lease. In *Holsman* v. *De Gray* (6 Abb. Pr., 79), the plaintiff recovered because the defendant was in the occupation of the demised premises under an assignment of the lease. In *Astor* v. *Lamoreaux* (4 Sandf., 524), the Superior Court merely decided that the equitable owner of a lease, in actual possession of the demised premises, was liable as assignee thereof. This case was reversed by the Court of Appeals (4 Seld., 107), but without any discussion of the merits involved in it.

No evidence was given upon the trial for the purpose of showing, or which justified the inference, that the assignment to Gourlay

was invalid. Nor was the question whether the assignment was fraudulent, or colorable, or fictitious, considered by the court or by the jury. Some evidence was given tending to show that the defendant had claimed some benefit from the use of the premises by others, while Gourlay was the nominal assignee of the lease. But in our judgment the evidence was insufficient to show that Gourlay was not a real assignee of the lease. The verdict rests exclusively upon the fact that the defendant continued in possession of the demised premises after the assignment to Gourlay. But the fact of possession alone is not sufficient to impose liability upon an assignee of a lease, for rent which accrued either after he had assigned over, or before the assignment to him, for the reason that mere possession without title creates no privity. Such possession may be under a license, or that of a tenant by sufferance, or of a trespasser, out of neither of which can privity of estate with the reversioner arise.

We should have much hesitation in sustaining the verdict upon the evidence on which it was founded, even if the rule of law laid down had been correct. But as there must be a new trial for the other reasons stated, it is needless, and, perhaps, improper to discuss that evidence.

Judgment and order denying a new trial reversed and a new trial granted, with costs to abide the event.

DYKMAN, J., concurred; BARNARD, P. J., dissented.

Judgment and order denying new trial reversed, and new trial granted; costs to abide event.