## New York Marine Court.

### Trial Term—June, 1881.

## ALFRED ING against EDWARD ROBERTS.

A claim for interest on a mortgage cannot be recovered unless it was due at the time of performing the contract under which it was claimed. It cannot be apportioned at law. Where an oral contract of exchange of property is made, and an unpaid difference is due, the party having the difference in his favor may sue for the unpaid purchase-money, but his action must be upon the contract as executed, and not upon the oral contract, which, being void, cannot be the subject of such an action.

Motion for a new trial upon the minutes.

McADAM, J.—The claim for breach of covenant in respect to the assessments was waived upon the trial because the plaintiff had not by payment entitled herself to reimbursement. (2) The claim for accrued interest on the mortgages was excluded because it was not due at the time the contract was performed, and could not be apportioned at law. The case of Lynch v. Rinaldo (58 *How. Pr.* 133) sustains this ruling. (3) The main contention. however, is to the right of the plaintiff to recover from the defendant what she claimed as an unpaid difference on the exchange of certain real estate. The difficulty with this branch of the litigation is that the plaintiff improperly founded her action upon a contract, which, although relating to real property, was not in writing, and therefore void by statute. If she desired to escape from the effect of the statute, by treating the contract as executed, her remedy was to declare upon the sale or exchange, and sue for the unpaid purchase-money ; in other words, put her right of action, not upon the executory promise, which, being void, cannot be enforced, but upon the transaction in its executed form, because it was this alone that gave whatever legal rights the parties ac-

quired and fixed whatever liabilities they assumed, (see Hibbard v. Whitney, 13 *Vt.* 21 ; Ballard v. Bond, 32 *Id.* 355). The complaint does not declare upon the executed sale to or exchange with the defendant.   The form of action adopted was under the circumstances misconceived, and upon the pleadings as drawn and the case as presented, the dismissal of the complaint was properly directed, and the motion for a new trial must be denied.