## VAN RENSSELAER *vs.* BONESTEEL.

A covenant for the payment of rent, whether it be made by the grantee of lands in fee, reserving rent to the grantor, or by a lessee for a term, belongs to that class of covenants which are annexed to, and run with, the land.

The land itself is the principal debtor, and the covenant to pay rent is the incident. It follows the land upon which it is chargeable into the hands of the assignee.

The assignee takes the land with all the advantages to be derived from the covenants of the grantor concerning the land, and he assumes all the burdens resulting from the covenants of the grantee.

In order to sustain an action for rent, upon a lease in fee, against an assignee of the grantee, it is not requisite that the plaintiff should have a reversionary interest in the land, as in the case of landlord and tenant. It is enough that at the time of making the covenant an estate passed between the covenanting parties.

Where the grantor, in a lease in fee, reserves to himself an annual profit issuing out of the land, of so many bushels of wheat, and with it a covenant obligatory upon the grantee and all who may succeed to his interest in the land, that this shall be paid, an assignee of the grantee takes his title to the land charged with the burden which the original grantee had annexed to it.

By taking the benefit of the grant, the assignee voluntarily assumes the liabilities of the original grantee in respect to the subject of the grant.

The assignee is not the less liable, because he is the assignee of only a part of the thing to which the covenant is annexed. He is liable to pay his proportionate part of the rent.

Where, in an action for rent, the complaint alleged that the grantor and covenantee, V. R., died on, &c., seised of the rent in question; that by his will he devised this rent to W., whereupon and whereby he became seised of the rent, and that on, &c., W. conveyed the rent to A. W. and others, and the latter

Van Rensselaer *v.* Bonesteel.

conveyed the rent, and all arrears of rent, to the plaintiff; *Held,* that this was sufficient, not only to show that the plaintiff was entitled, as assignee of a chose in action, to sue for the rent due and unpaid at the time of the assignment to him, but that he was also the assignee of the covenant for the payment of the rent subsequently accruing.

The complaint in such a case need not allege that after the plaintiff became assignee of the rent, he continued to be the owner until the suit was commenced. In the absence of any allegation to the contrary, this is a legal presumption, and need not be alleged or proved.

In an action for rent, against an assignee of a portion of the demised premises, the owners of the other parts of the lot need not be made parties. After a partition, each owner becomes severally and independently liable for his proportionate share of the rent.

THIS was an appeal from an order of the special term overruling a demurrer to the complaint. It was alleged, in the complaint, that on the 13th of February, 1794, Stephen Van Rensselaer, now deceased, of the first part, and one Lodewick Bonesteel, as party of the second part, mutually made, executed, sealed and delivered an indenture, whereby the party of the first part did grant, &c. unto the party of the second part, his heirs and assigns, a certain lot of land, therein described, situate in the town of Grafton, in the county of Rensselaer, and containing 123 and five-tenths of an acre, to have and to hold the same, to the party of the second part, his heirs and assigns forever, yielding and paying therefor, yearly and every year, during the continuance of the grant, unto the party of the first part, his heirs and assigns, the yearly rent of ten bushels of good, clean, merchantable winter wheat; which rent, the party of the second part did thereby, for himself, his heirs, executors, administrators and assigns, covenant, promise and agree to pay; that by virtue of the indenture, the party of the second part became seised and took possession of the land; that the land has ever since been held and possessed, under and by virtue of the said indenture, by the party of the second part, his heirs and assigns; that the party of the first part was the owner of the land at the time of the execution of the indenture, and the owner of the rent, until his death; that after the making of the indenture, and before the 1st of January, 1848, all the estate, &c. of the party of the second part, in and to 82 and

two-tenths of an acre, a divided part of the land, came to and vested in the defendant, by assignment legally made; which land, by the acre, is equal in value with the residue of the lot; that the party of the first part died on the 26th of January, 1839, having, by his last will and testament, devised the rent to William P. Van Rensselaer, who assigned the same to Andrew White and others, by whom the same was assigned to the plaintiff, on the 19th of November, 1850; that after the death of the party of the first part, and after the defendant had become assignee of a part of the premises as aforesaid, and while he was such assignee, and before the commencement of the action, eight years' rent had become, and still was, due and owing, in arrear and unpaid to the plaintiff; that the aggregate value of such rent, upon the whole lot, was $153.12, and the fair and just proportion chargeable upon the defendant was $69.19, for which amount, with interest, the plaintiff claimed judgment. The defendant demurred to the complaint, and assigned for cause of demurrer, that it did not state facts sufficient to constitute a cause of action. The issue thus joined having been brought to trial, at a special term held at Albany, in October, 1855, before Mr. Justice WRIGHT, the demurrer was overruled and judgment rendered for the plaintiff. From this order the defendant appealed to the general term.

*C. M. Jenkins,* for the plaintiff.

*A. Bingham,* for the defendant.

*By the Court,* HARRIS, J. There is a *dictum* by Lord Holt, in *Brewster* v. *Kitchel,* (1 *Salk.* 198,) that where the owner of land has granted a rent charge, with a covenant to pay, an action of covenant will not lie merely against one as assignee of the land. The same case is reported in various other places, and among others in 12 *Mod.* and 1 *Ld. Raym.* 317; and it there appears that the three other judges who were associated with the chief justice, dissented from that opinion. Since that time, much learning has been expended, sometimes to little purpose,

in endeavoring to define the boundary between real covenants, or such as run with the land, and those which are merely personal. A most elaborate effort to accomplish this end was made by Mr. Justice Cowen, in *Norman* v. *Wells,* (17 *Wend.* 145,) and yet, after all his researches, that indefatigable judge was forced to declare that the authorities still left the application of old principles to new cases, a very nice exercise of the mind, and remaining, in greater degree, a matter for judicial discretion, than almost any other of equal importance in the law of property.

But from the time of Lord Holt until now, I am not aware that it has ever been doubted that a covenant for the payment of rent, whether it be made by the grantee of lands in fee, reserving rent to the grantor, or by a lessee for a term, belongs to that class of covenants which are annexed to and run with the land. The very definition of rent is, that it is a *certain profit* issuing yearly out of land. (2 *Bl. Com.* 41.) The land itself is the principal debtor. The covenant to pay the rent is the incident. It follows the land upon which it is chargeable, into the hands of the assignee, as necessarily as the principal itself. *Transit terra cum onere.* The assignee takes the land with all the advantage to be derived from the covenants of the grantor concerning the land, and he assumes all the burdens resulting from the covenants of the grantee.

It is true, that in order to make a covenant run with the land, it is not enough that it concerns the land. There must also be a privity of estate between the covenanting parties. The fallacy of the argument in support of the demurrer, lies in the position assumed by the defendant's counsel, that there must be not only privity of estate between the covenanting parties, but also between the plaintiff and the defendant. It was insisted that, in order to sustain the action against an assignee, the plaintiff must still have some reversionary interest in the land, as in the case of landlord and tenant. But this is not requisite. It is enough that, at the time of making the covenant, an estate passed between the covenanting parties. It is this alone which constitutes the privity between vendor and

purchaser, and carries the covenants of assurance and warranty of title to the purchaser. It was for the want of this privity that it was held, in *Webb* v. *Russell*, (3 *T. R.* 393,) that a covenant to pay rent to a stranger did not run with the land, so as to make the assignee liable.

In the case at bar, the grantor reserved to himself an annual profit issuing out of the land, of ten bushels of wheat, and with it a covenant obligatory upon the grantee and all who should succeed to his interest in the land, that this should be paid. When the defendant took his title to the land, he took it charged with the burden which the original grantee had thus inseparably annexed to it. By taking the benefit of the grant, he voluntarily assumed the liabilities of the original grantee in respect to the subject of the grant. Nor is the defendant the less liable because he is the assignee of only a part of the thing to which the covenant is annexed. "Covenants," said Wilmot, Ch. J., in *Bally* v. *Wells*, (cited by Cowen, J., in *Norman* v. *Wells*,) "which run and rest with the land, lie for or against an assignee at the common law, though not named. They stick so fast to the thing on which they wait, that they follow every particle of it." (*See Van Rensselaer* v. *Bradley*, 3 *Denio*, 135; *Same* v. *Gallup*, 5 *id.* 454.)

Again, it is insisted that it is not sufficiently alleged in the complaint, that the plaintiff is the assignee of the covenant upon which it is sought to make the defendant liable. The allegations are, that the grantor and covenantee, Stephen Van Rensselaer, died in January, 1839, seised of the rent in question; that by his will, duly executed and proved, he devised this rent to William P. Van Rensselaer, whereupon and whereby he became seised of the rent; and that on the 25th of September, 1848, William P. Van Rensselaer conveyed the rent to Andrew White and two other persons, and these again conveyed the rent, and all arrears of rent, to the plaintiff. Thus the plaintiff shows a state of facts which, in respect to the rent that had accrued and was unpaid at the time of the conveyance to him, entitled him to maintain the suit as assignee of a chose in action; and in respect to the rent subsequently accruing

and to become due, as the assignee of the unbroken covenant, which was an incident to the rent itself, I think the allegation of the facts constituting the plaintiff an assignee of the rent, was a sufficient allegation that the plaintiff was the assignee of the covenant for its payment.

Nor can I agree with the defendant's counsel in supposing the complaint defective in omitting to allege that after the plaintiff became assignee of the rent, he continued to be such owner until the suit was commenced. In the absence of any allegation to the contrary, this is a legal presumption, and need not be alleged or proved.

The defendant's counsel is also mistaken in his position that the only averment in the complaint as to the ownership of the defendant is, that all the estate of the grantee in the part of the premises mentioned, came to the defendant before the 1st of January, 1848. There is a further allegation, that the rent claimed accrued and became due after the defendant became, and *while he was* assignee as aforesaid. This is clearly sufficient. Nor can the objection that the owners of the other parts of the lot should have been made parties be sustained. By the partition of the land, as has recently been decided, (*see Van Rensselaer* v. *Chadwick, ante,* 333,) each owner became severally and independently liable for his proportionate share of the rent. There is no longer any community of interest between them. If one owner should pay more than his share, it would not enure to the benefit of another owner of a separate share, nor would the payment of less than his share, by any one owner, increase the liability of another. I think the order of the special term should be affirmed

[Albany General Term, December 3, 1855. *Wright, Harris* and *Watson,* Justices.]