ISAAC FARRINGTON *vs.* DAVID F. KIMBALL.

Suffolk.   March 19, 1878. — Feb. 28, 1879.   AMES & MORTON, JJ., absent.

A lessee of land, who has not paid the rent reserved in the lease, cannot maintain an action against an assignee of the lease for such rent.

CONTRACT for use and occupation of a store in Boston from April 27 to September 27, 1876.   Answer, a general denial. Trial in the Superior Court, without a jury, before *Aldrich*, J., who allowed a bill of exceptions in substance as follows:

Joseph H. Hunneman, on September 1, 1871, executed a written lease of the store in question to the plaintiff, for the term of five years from that date.   By the terms of the lease the lessee agreed to pay as rent $600 yearly in equal monthly instalments, during the term and for such further time as he, or any person claiming under him, should hold the premises.   The lessee also covenanted not to assign the lease without the assent of the lessor in writing.   In 1872, the plaintiff assigned in writing all his right, title and interest in the lease to Farrington and Kent, who in 1873, made a similar assignment to G. F. Farrington, who in 1875 made a similar assignment to William A. Thomes.   On April 27, 1876, Thomes was adjudged a bankrupt, and, on June 14, 1876, the defendant was appointed assignee of his estate.   From April 27 to June 14, 1876, the messenger in bankruptcy was in occupation of the store, and, from the latter date to September 27, 1876, the defendant was in occupation of it.

The plaintiff paid Hunneman the rent of the store for the months of March, April and May 1876; and Hunneman has not released the plaintiff from his liability to pay all the rent due and unpaid.   Hunneman did not assent to any of the above assignments of the lease, and at no time recognized the defendant as his tenant or claimed rent of him.

The defendant asked the judge to rule that the plaintiff had no claim against the defendant; that if the plaintiff could have a right of action against the defendant, it would only arise when the plaintiff had paid Hunneman the rent due under the lease, and thus extinguished Hunneman's right against the defendant.

The judge refused so to rule; ruled, as matter of law, that, on the facts found, the plaintiff could maintain the action; and found for the plaintiff in the full amount claimed. The defendant alleged exceptions.

*D. F. Kimball, pro se.*

*J. P. Farley, Jr.*, for the plaintiff.

ENDICOTT, J. When a lessee assigns his entire interest in the estate, he is still liable to the lessor on his covenants to pay rent; and the assignee is also liable to the lessor for the performance of all the covenants which run with the land by virtue of the privity of estate created by the assignment. *Wall* v. *Hinds*, 4 Gray, 256. *Blake* v. *Sanderson*, 1 Gray, 332. *Sanders* v. *Partridge*, 108 Mass. 556. Both are liable, and the lessor has the option to sue either. When the lessee is obliged to pay, by reason of his covenants to pay rent, the question arises, what are his rights against the assignee who has not performed his duty, but has taken the whole benefit of the lease.

It was said in general terms by Chief Justice Shaw in *Patten* v. *Deshon*, 1 Gray, 325, 330, that "the first lessee, notwithstanding the assignment, remains liable for the rent, in virtue of his express covenants, if the lessor elects so to hold him, in which case he will be entitled to the rent from the assignees." The leading case in England is *Burnett* v. *Lynch*, 5 B. & C. 589, where it was held that a lessee, who had assigned the lease by a deed poll, and had been compelled to pay damages to the lessor for breach of the covenants of the lease while his assignee was in occupation, could maintain an action against the assignee for having neglected to perform the covenants, whereby the lessee suffered damage. Lord Denman, in commenting on this case, when delivering the judgment of the Exchequer Chamber in *Wolveridge* v. *Steward*, 1 Cr. & M. 644, 660, stated that "the effect of the assignment is, that the lessee becomes a surety to the lessor for the assignee, who, as between himself and the lessor, is the principal, bound, whilst he is assignee, to pay the rent and perform the covenant running with the estate; and the surety, after paying the debt, or discharging the obligation to which he is liable, has his remedy over against the principal. And he would also, in all probability, have the same remedy over against each subsequent assignee, in respect of breaches committed during the

continuance of the interest of each; for the lessee is, in effect, a surety for each of them to the lessor." And Baron Parke, who took part in that judgment, afterwards, in *Humble* v. *Langston*, 7 M. & W. 517, 530, also expressed the opinion that the lessee was liable in the nature of a surety, as between himself and the assignee, for the performance of the covenants of the lease.

In *Moule* v. *Garrett*, L. R. 5 Ex. 132, the assignee, for whose breach of the covenants of the lease the lessee was obliged to pay, did not take directly from the lessee, but was second assignee, and the question suggested by Lord Denman arose, as it does in the case at bar. It was held that there was an implied promise on the part of each successive assignee of a lease to indemnify the original lessee against breaches of covenant in the lease committed by each assignee during the continuance of his own term. The decision was afterwards affirmed in the Exchequer Chamber. L. R. 7 Ex. 101. Chief Justice Cockburn, while conceding that the defendants might be held on the ground of the implied contract, was of opinion that the liability of the assignee might be put on another and preferable ground, namely, that when one person is compelled to pay damages for the legal default of another, he is entitled to recover, from the person by whose default the damage was occasioned, the money so paid, and that it was a matter of indifference whether the liability rested on an implied contract or on an obligation imposed by law; it was a duty the law enforces. Mr. Justice Willes stated his concurrence in this concise language: "I am of the same opinion, on the ground that where a party is liable at law by immediate privity of contract, which contract also confers a benefit, and the obligation of the contract is common to him and to the defendant, but the whole benefit of the contract is taken by the defendant, the former is entitled to be indemnified by the latter in respect of the performance of the obligation."

Assuming, therefore, that a lessee may maintain an action against an assignee, on either of the grounds suggested in these cases, it is very clear that he can only do so after he has paid the lessor for breach of the covenants of the lease by the assignee. If he is a surety, then he must pay the debt for which he is liable before he can recover of the principal. *Hoyt* v. *Wilkinson*, 10 Pick. 31. If it is a debt imposed upon him by the default

or act of the assignee, it must of course be discharged before the liability of the assignee accrues. The ruling, therefore, of the presiding judge, which allowed the plaintiff to recover for monthly instalments of rent which he had not paid, was erroneous. No question of pleading was raised.

*Exceptions sustained.*