### WILLIAM H. MASON vs. TIMOTHY H. SMITH.

Suffolk.    September 8. — October 22, 1881.

If a lease, containing a covenant for the payment by the lessee of the taxes assessed upon the demised premises, is assigned without any covenant on this subject, the assignee is liable to his assignor for the amount of taxes accruing during his term and paid by the assignor, but is not so liable for taxes accruing after he has parted with his possession by assignment to another; although the lease was for more than seven years and the second assignment was not recorded.

CONTRACT for money paid.    Trial in the Superior Court, without a jury, before *Dewey*, J., who allowed a bill of exceptions, in substance as follows:

On December 20, 1869, Nancy J. Fuller leased to the plaintiff a parcel of land in Boston, for the term of fifteen years from January 1, 1870, by an instrument under seal and duly recorded, the lessee covenanting to pay rent and taxes.    On April 8, 1870, the plaintiff assigned the lease to the defendant by an instrument under seal, written on the back of the lease, and signed by him, as follows: " Boston, April 8, 1870.    In consideration of one dollar and other good and valuable considerations paid ·to me by T. H. Smith, the receipt whereof is hereby acknowledged, I do hereby assign to said Smith all my right, title and interest to the within written instrument."    This assignment was recorded on the same day.    On March 12, 1873, the defendant, by a similar indorsement on the lease, assigned the lease to John Carney.    The plaintiff had no knowledge of this assignment, and it was not recorded until June 14, 1877.

On April 10, 1876, the heir at law of Nancy J. Fuller brought an action against the plaintiff, upon the covenant in the lease for the taxes assessed upon the demised premises for the years 1872, 1873, 1874 and 1875.    The plaintiff requested the defendant to defend the action; but, as he did not do so, the plaintiff defended it, and judgment was recovered against him in the sum of $392 damages, and $24.32 costs.

The plaintiff asked the judge to rule that the assignment of the defendant to Carney was not operative against the plaintiff in this action, he having no notice or knowledge of the same,

and it not being recorded until June 14, 1877; and that the defendant was liable for all the taxes which the plaintiff had paid.

The judge refused so to rule; and ruled that the defendant was only liable for the tax for the year 1872; and ordered judgment accordingly. The plaintiff alleged exceptions.

*D. F. Fitz & J. H. Sherburne,* for the plaintiff.

*J. B. Richardson & E. B. Hale,* for the defendant.

ENDICOTT, J. It is clear that the plaintiff was liable to the lessor upon the covenants of the lease for the payment of taxes for the years 1872, 1873, 1874, 1875; although he had assigned all his right, title and interest in the lease to the defendant in 1870, which assignment was under seal and duly acknowledged and recorded. The defendant, as assignee, would also be liable to the lessor for the taxes accruing during his term, by virtue of the privity of estate created by the assignment. In such a case, the liability of the original lessee does not depend upon privity of estate, for he has parted with his whole interest, but upon privity of contract, and continues during the whole term; while the liability of the assignee continues only during the term he holds the legal title to the leasehold estate under his assignment. When the privity of estate thus ceases, his liability to the lessor ceases. *Farrington* v. *Kimball,* 126 Mass. 313, and cases cited. See *Howland* v. *Coffin,* 9 Pick. 52.

The plaintiff, being thus liable, was sued by the legal representative of the lessor for these unpaid taxes, and judgment having been rendered against him for the whole amount, he paid the same.

That a lessee can recover from his assignee, and also from a second assignee, the taxes accruing during their terms respectively, and which the lessee has been obliged, through their default to pay to the lessor, is well settled. *Patten* v. *Deshon,* 1 Gray, 325. *Burnett* v. *Lynch,* 5 B. & C. 589. *Moule* v. *Garrett,* L. R. 5 Ex. 132; *S. C.* 7 Ex. 101. *Farrington* v. *Kimball, ubi supra.* The question presented in this case is whether the plaintiff is entitled to recover from the defendant, not only the taxes for 1872, when the defendant was actually in possession, but also the taxes for the following years, when Carney was in possession, to whom the defendant had transferred the lease

in 1873 by an assignment, not recorded until 1877. The lease was for the term of fifteen years from January 1, 1870.

The assignee of a lessee takes the whole estate of the lessee in the premises, subject to the performance on his part of the covenants running with the land, under the terms of the lease. By accepting and entering under the assignment, the law implies a promise to perform the duties thus imposed upon him. If through his neglect or refusal to perform them, the lessee is obliged to pay rent, taxes or other sums of money to the lessor under the covenants of his lease, he may recover the same from his assignee. Whether the lessee may recover from his assignee such sums as he has been obliged to pay, arising out of the default of a second assignee to whom the first assignee has assigned all his interest, presents a very different question, in the absence of an express agreement to do so in the instrument of assignment. For the implied promise to perform the duty imposed upon him by the acceptance of the assignment must be limited to the time while he holds the estate under the assignment, and while, by virtue of his privity of estate with the lessor, he is liable to him for the performance of the covenants. In other words, the implied promise cannot include the payment of any sums, except those which as assignee he assumes, and for which, when he assigns the lease, he is no longer liable to the lessee. *Wolveridge* v. *Steward*, 1 Cr. & M. 644.

The presiding judge, therefore, rightly ruled that the defendant was only liable to the plaintiff for the tax of 1872.

It is immaterial that the assignment by the defendant to Carney was not recorded. The provisions of the Gen. Sts. c. 89, § 3, have no application here; and the failure of Carney to record the assignment cannot affect the rights or liability of the defendant in this case. See *Parsons* v. *Spaulding*, 130 Mass. 83.

*Exceptions overruled.*