CHARLOTTE L. WILLS and Husband *vs.* BIAGIO SUMMERS.

December 17, 1890.

Lease—Covenant to Pay Taxes—Liability of Assignee.—Where a lease of real estate contains a covenant to pay the taxes assessed upon the premises during the continuance of the lease, an assignee thereof in possession is bound by the covenant to pay them, and if paid by the lessor he may recover the same, after they become due, of such assignee.

Same—Payment by Lessor after Conveyance of Reversion.—But, if such lessor has parted with all his interest in the land, his right to recover of the assignee taxes paid after that date cannot be sustained, unless, by reason of his covenant with his grantee, he is bound to indemnify the latter against the same.

Same—Conveyance after Taxes have become a Lien.—And where the lessor conveyed away the leased premises, after taxes had become a lien thereon as between grantor and grantee, by deed, with covenants of warranty and against incumbrances, *held*, that he was entitled to pay the same in performance of his covenant, and to recover the amount thereof ultimately of the tenant in possession under the lease.

Same—Covenant, how Satisfied.—A general covenant to pay taxes is satisfied if paid at any time before they become delinquent.

Action brought in the district court for St. Louis county, to recover $501.74, the amount of taxes, and also the amount of $72.83, the amount of a local assessment, paid by the plaintiffs, and for which it was claimed the defendant, as assignee of the lease mentioned in the opinion, was bound to reimburse them. A jury was

waived and the action tried by *Stearns*, J., who ordered judgment for defendant. The plaintiffs appeal from an order refusing a new trial.

*Snively & Craig* and *H. F. Greene*, for appellants.

*H. H. Hawkins* and *F. H. Cutting*, for respondent.

VANDERBURGH, J. The plaintiffs, owners of the real estate in controversy, leased the same to certain parties, and thereafter, on the 2d day of February, 1885, the defendant became the assignee of the lease, and entered into possession of the leased premises thereunder, subject to the covenants and stipulations therein, and has since continued in such possession, and paid the rent agreed on. The lease contained a covenant requiring the lessees "to pay all rates, taxes, or assessments on the premises during the continuance of the lease." On the 1st day of January, 1889, the premises were subject to the payment of $501.74 taxes, which became payable on the last-mentioned date. On the 21st day of February, 1889, the plaintiffs, lessors, granted their entire interest and estate in the premises to one Murphy, by deed of general warranty, with covenant against incumbrances; and on the 26th day of March, 1889, the plaintiffs paid and satisfied the taxes above referred to in full. And thereafter, in December, 1889, they brought this action against the defendant assignee in possession, to recover the amount so paid. The trial court held that the action would not lie, because the estate had passed to Murphy, and plaintiffs had no longer any title or interest therein.

Conceding that, in the absence of more specific language in the covenant to pay the taxes, the tenant was entitled to delay the payment thereof until they became "delinquent" under the statute, this is no reason why the plaintiffs might not pay them sooner, because the covenant ran to them as owners, and it was immaterial to defendant whether he paid the same to plaintiffs or the treasurer; and if the plaintiffs had a right to pay the taxes or were bound to do so, by reason of their relation to the leasehold estate, they would be entitled to recover them back of defendant, in case of his ultimate default. The respondent, however, does not complain in this court that the taxes were prematurely paid by the plaintiffs, but contends that any payment by them after the sale to Murphy was intermeddling, and,

in contemplation of law, a voluntary payment of the debt of another. To this proposition we are unable to assent.

It is not disputed that the plaintiffs might have paid the taxes after January 1st, and prior to the sale to Murphy, and subsequently recovered the amount of the defendant; but it is argued that, upon their conveyance to Murphy, this right ceased, for the reason, before stated, that all their interest in the leased property had passed to him. If Murphy had assumed the payment of the taxes, and discharged the plaintiffs from liability by reason of the lien thereof, or had taken a mere quitclaim deed, an altogether different case would have been presented. But plaintiffs' relations to the property continued, as respects their liability to pay the taxes, by virtue of the covenant in their deed and the statute making the same a lien as against the grantors from January 1, 1889. It was still their right and duty to pay the same as between them and their grantee, Murphy, though the primary liability to pay them rested upon the defendant, arising from his privity of estate created by the assignment of the lease, which made the covenant to pay the taxes binding on him. *Washington Gas Co.* v. *Johnson,* 123 Pa. St. 576, (16 Atl. Rep. 799; 10 Am. St. Rep. 563, and notes.) Plaintiffs' were not, then, mere volunteers or intermeddlers in discharging the incumbrances on the leased premises by the payment of the taxes, which, as between them and Murphy, it was their duty to do immediately upon the delivery of the deed, as the covenant against incumbrances is *in præsenti.*

Where a lessee assigns a lease containing a covenant to pay taxes which the assignee becomes liable to pay by virtue of the assignment, and the former is afterwards obliged to pay the same, because of his privity of contract with the lessor, he may recover the same of the assignee, though his own interest in the estate has entirely ceased. *Mason* v. *Smith,* 131 Mass. 510.

Plaintiffs' right of action may be sustained under the equitable doctrine of subrogation, which is now recognized at law as well as in equity, and which compels the ultimate payment of a debt by one who, in justice and good conscience, ought to pay it. Thus, it is admitted that defendant would be bound to pay these taxes to

Murphy; but plaintiffs were also liable to him *in præsenti* upon their covenant and as the previous owners of the property, so that, upon the payment thereof by the latter, a right to recover the amount thereof ultimately from the defendant accrued to the plaintiffs.

Under the terms of the lease, we are of the opinion that the covenant to pay the taxes would be satisfied by the payment thereof at any time before they became delinquent, June 1, 1889; but this is not material in this action, except as to the question of interest, because it was not commenced till long afterwards.

The item of $72.83 paid by plaintiffs in October, 1889, had not become due or payable when this action was brought, and cannot be recovered herein.

The order denying a new trial is reversed, and the case will be remanded, with directions to render judgment for the plaintiffs for the sum of $501.74, with interest from June 1, 1889.