EUGENE W. TRASK *vs.* JOHN GRAHAM.

December 24, 1891.

Lease—Covenants—Liability of Assignee.—Covenants in a lease to pay rent and taxes upon the demised premises run with the land, and an assignee of a lease is in privity of estate with the lessor, and, by accepting possession under an assignment, in the absence of stipulations to the contrary, assumes the liability for obligations maturing by virtue of such covenants while he holds the estate.

Same—Assignment during Quarter—Liability of Assignee for Rent. Where rent becomes due at the end of each quarter, one taking an assignment during the quarter is liable for the whole quarter's rent; and the same rule applies in respect to the payment of taxes, when the breach of the covenant occurs after the assignment.

Same—Covenant of Assignor with Assignee.—A covenant of warranty in an assignment and transfer of a building and ground lease, which is limited to the right, title, and interest of the assignor in the premises, does not include a liability for accruing rent and taxes.

Appeal by defendant from an order of the district court for Hennepin county, *Smith*, J., presiding, refusing a new trial after judgment of $182.04 ordered for plaintiff.

*L. L. Longbrake*, for appellant.

*H. P. Herring*, for respondent.

VANDERBURGH, J. The record shows that the parties jointly entered into a lease with the St. Anthony Falls Water-Power Company, of the date of May 5, 1885, whereby they rented from the company, by lease under seal, for the term of five years from July

1, 1885, the premises in controversy. By the terms thereof the lessees, Trask & Graham, who were partners, agreed to pay as rent for the premises the sum of $300 per annum, in quarterly instalments; and also agreed to assume and pay all real-estate taxes levied on the leased premises during the term of the lease, beginning with the taxes for 1885. The lessees jointly, as partners, owned a saw-mill situated upon the leased premises. On the 2d day of February, 1889, the defendant, Graham, in consideration of a contract for the sale of his interest and title in and to the leased premises and the saw-mill situated thereon, entered into between him and the plaintiff, Trask, did, by an instrument in writing under seal, at his request, duly sell and convey all his right, title, and interest in and to the same to one Whitmore, who represented the plaintiff, for the sum of $5,500 consideration paid by the latter, and therein agreed to warrant and defend the title thereto against all lawful claims. For the purposes of this action it is understood that the sale and transfer is to be treated as an independent transaction, and wholly disconnected from other partnership business between the parties, or any accounting therefor; and plaintiff, it is admitted, stands in the shoes of Fairchild, as assignee, and succeeded to the sole possession of the premises under the lease as of the date of the transfer. The rent for the current quarter became due April 1st next after the date of the assignment; and the taxes for the year 1888 became payable on the first Monday of January, 1889, but not delinquent until June 1st, but became and were a separate and fixed liability of both lessees then in possession as to each other. The plaintiff subsequently paid the rent for the whole quarter, and also the taxes for 1889, and by this action he seeks to recover from the defendant the amount of one-half the taxes for 1888, so paid by him, and also one-half of the rent that had accrued between January 1st and February 2d, the date of the transfer and assignment to him, though not due till April 1st following.

As respects the relations of the assignee of a lease, the rule is: "When a covenant relates to or is to operate upon a thing in being, parcel of the demise, the thing to be done by force of the covenant is, as it were, annexed to the thing demised, and goes with the land, bind-

ing the assignee to the performance, though not named; and the assignee, by accepting possession of the land, subjects himself to all the covenants that run with the land." Tayl. Landl. & Ten. § 437; *Spencer's Case*, 5 Rep. 16; *Blake* v. *Sanderson*, 1 Gray, 332. The foundation of this liability of the assignee is the privity of estate that exists between him and the lessor. The covenant to pay the rent and taxes runs with the land, and the plaintiff, Trask, under the assignment, assumed the liability for the rent and taxes that accrued and became due during his possession as assignee. *Van Rensselaer* v. *Bonesteel*, 24 Barb. 365; *Post* v. *Kearney*, 2 N. Y. 394. The assignee, being liable solely in privity of estate, is liable only for obligations maturing or breaches occurring while he holds the estate as assignee, and not for those which occurred before he became assignee or after he ceased to be such. *Patten* v. *Deshon*, 1 Gray, 325.

It follows from the application of these principles to this case that the assignee, Trask, was himself liable for the rent for the whole quarter within which he became assignee, the rent not having yet accrued, and which he must be held to have assumed. And the quarter's rent in such cases is not to be apportioned. *Graves* v. *Porter*, 11 Barb. 592. We are unable to see why the same rule does not apply as to the taxes. The covenant to pay was general, and would be satisfied if paid within the year, and so as to save the lessor harmless. The lessees would not be in default, at least till the taxes became delinquent, which would not be till June 1st. There had been no breach of the covenant to pay the taxes, and the assignee took the leasehold estate *cum onere* as to them also. The plaintiff, as assignee, was liable directly to the lessor upon the covenant to pay the taxes. There had been no previous breach of the covenant, and the plaintiff, as assignee, took the place of the lessee in respect to liability upon covenants not yet matured. *Mason* v. *Smith*, 131 Mass. 510. It must be presumed that the contract was made in contemplation of the legal relations of the parties, and that the consideration was adjusted accordingly. If the plaintiff, as between them, was not to stand in the place of the defendant, and the defendant was to remain liable for the unpaid rent and taxes not yet due, it should have been so expressed in the contract.

Granting, then, that the lien of the taxes attached to the land January 1st, the obligation to pay them under the lease had not yet matured, and there is no covenant against incumbrances or liens on the land. Defendant merely transfers his right, title, and interest in the mill and lease, and this is all the covenant of warranty applies to. He does not warrant the title to the land. *Sweet* v. *Brown,* 12 Met. 175. No breach of the covenant of warranty is shown or relied on. Rawle, Cov. (4th Ed.) 178, note.

Order reversed.