## MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY v. C. G. LINNELL.[1]

March 9, 1923.

No. 23,199.

**Construction of lessee's covenant to pay real estate taxes.**
   1. Where under a lease the lessee covenanted to pay taxes, but no time is fixed, he had until June 1 within which to perform.

**Recovery of taxes from assignee of lease.**
   2. Hence, where the lessee after January 1, and before June 1, assigns the lease, and the assignee assumes each and all of the obligations thereof, to which the lessor consents, the lessor may recover from the assignee the taxes payable January 1 before the assignment was made, but not delinquent until June 1 thereafter, such taxes having been paid by the lessor in time to save the penalty.

Action in the district court for Ramsey county to recover $799.20. The case was tried upon stipulated facts before Catlin, J., who made findings and ordered that plaintiff's demurrer to defendant's defense

[1]Reported in 192 N. W. 365.

as to the taxes for 1918 be overruled and as to the 1919 taxes be sustained and that plaintiff recover $446.40 and interest. From the judgment entered pursuant to the order for judgment and that part of it overruling plaintiff's demurrer as to the 1918 taxes, plaintiff appealed. Reversed.

*John E. Palmer* and *John L. Erdall*, for appellant.

*Denegre, McDermott, Stearns & Weeks*, for respondent.

HOLT, J.

August 1, 1917, plaintiff let to C. C. Chambers Elevator Company a tract of land for the purpose of erecting and operating a grain elevator. The rent was nominal. The provisions in the lease, bearing upon the present controversy, are: "The lessee further agrees to pay all taxes, assessments, license fees, or other charges that may be levied or assessed upon said improvements, or against the lessor, by reason of the use of said premises by the lessee. This lease shall not be assigned or in any manner transferred or said premises, or any part thereof, sublet, used or occupied by any other person or corporation than the lessee, or for any other purpose than that specified herein, without the written consent of the Railway Company." The lease also contains a clause giving the lessor the right of re-entry in case of breach of the agreements by the lessee, and in terms binds the heirs, executors, administrators, successors and assigns of both parties. On January 20, 1919, the lessee executed and delivered this instrument to defendant: "For a valuable consideration, the lessee named in the within lease hereby sells, assigns, and transfers the said lease unto C. G. Linnell of St. Paul, Minn., Ramsey County." And underneath was this writing signed by Linnell: "The undersigned hereby accepts the foregoing assignment and assumes each and all of the obligations of the lessee contained in the within lease and agrees to sign a new lease providing for similar conditions." The next day the lessor appended a writing wherein it "consents to the foregoing assignment of the within lease." At that time the taxes on the improvement upon the leased premises for the year 1918 were unpaid. The lessor, the plaintiff, paid one-half thereof on the last day of May, 1919, and the balance

on the last day of October, 1919. This suit was brought to recover the amount so paid and also the taxes for 1919. The court awarded a recovery for the 1919 years taxes, and the award is not questioned by defendant, but recovery was denied for the 1918 taxes, and plaintiff appeals from that part of the judgment which so decrees.

It was supposed in Byrane v. Rogers, 8 Minn. 247 (281), that a tenant who covenants to pay taxes has until the last day of the time provided by law for their payment in which to pay. In Wills v. Summers, 45 Minn. 90, 47 N. W. 463, it was held under the terms of a lease reading substantially as the one herein as to the payment of taxes "that the covenant to pay the taxes would be satisfied by the payment thereof at any time before they became delinquent June 1." However, in that case the lessors, having conveyed by warranty against encumbrances after January 1 and before June 1, paid the tax for the preceding year and were allowed to recover the amount from the assignee of the lessee who had been in possession under the lease during that year. As between the lessors and the assignee of the lessee the former's right to have the taxes for that year paid by the assignee was fixed by his occupancy under the lease during the whole year. The same is also the holding in Craig v. Summers, 47 Minn. 189, 49 N. W. 742, 15 L. R. A. 236, where the defendant, held to be an assignee of the lessee, was compelled to reimburse the plaintiffs, who had acquired the lessor's title, for the taxes paid for the last year of the defendant's occupancy under the lease. But, in Trask v. Graham, 47 Minn. 571, 50 N. W. 917, it was decided that as between the assignor and assignee of a lease the latter cannot recover of the former the taxes due January 1 and not delinquent until June 1, the assignment having been made between those dates. The court says [page 573]:

"The lessees would not be in default, at least till the taxes became delinquent, which would not be till June 1st. There had been no breach of the covenant to pay the taxes, and the assignee took the leasehold estate cum onere as to them also. The plaintiff, as assignee, was liable directly to the lessor upon the covenant to pay the taxes. There had been no previous breach of the covenant, and the plaintiff, as assignee, took the place of the lessee in respect to

liability upon covenants not yet matured. Mason v. Smith, 131 Mass. 510. It must be presumed that the contract was made in contemplation of the legal relation of the parties, and that the consideration was adjusted accordingly. If the plaintiff, as between them, was not to stand in the place of the defendant, and the defendant was to remain liable for the unpaid rent and taxes not yet due, it should have been so expressed in the contract. Granting, then, that the lien of taxes attached to the land January 1st, the obligation to pay them under the lease had not yet matured, and there is no covenant against encumbrances or liens on the land."

In this case not only is there no covenant against encumbrances or liens on the land in the assignment, but by the very terms thereof the defendant assumed each and all of the obligations of the lessee contained in the lease. When the lessor in writing consented to such an assignment there arose not only privity of estate but also of contract to perform, at least, all the then unbroken covenants of the lease. And as above stated the covenant or agreement to pay the taxes in question was not broken or defaulted when the assignment was made. The provision in the acceptance of the assignment that defendant would accept a new lease on the same terms is of no importance, for the parties did not see fit to enter a new lease. With the law declared as in the Trask case it would seem clear that plaintiff could safely proceed against the assignee as the one primarily liable for the taxes it had been forced to pay.

The judgment is reversed and the cause remanded with direction to modify the findings and enter judgment in accordance with this opinion.