[No. 18279.  *En Banc.*  March 27, 1924.]

J. S. HAYNES *et al., Respondents,* v. L. B. WISNER, *Appellant.*[1]

EXCHANGE OF PROPERTY (1)—CONSTRUCTION OF CONTRACT—PAYMENT OF TAXES. Upon an exchange of plaintiff's hotel stock for defendant's hotel lease and fixtures, in which plaintiff agreed to pay all debts owing by the corporation as of December 1, 1921, the debts of the hotel property were to be adjusted as of the same date and plaintiff was to pay eleven-twelfths of any taxes · assessed against the corporation for the year 1921, the defendant was not liable for taxes and local assessments on the hotel and lease and Federal income taxes, which were a lien, but were not delinquent December 1st (MAIN, C. J., BRIDGES, and MITCHELL, JJ., dissenting).

Cross-appeals from a judgment of the superior court for King county, Jurey, J., entered March 23, 1923, upon findings in favor of the plaintiffs, in an action on contract, tried to the court.  Reversed.

*Ogden & Clarke,* for appellant.

*Revelle, Revelle & Kells,* for respondents.

PEMBERTON, J.—The respondents were the owners of the capital stock of the Stanley Apartments, Incorporated.  That company owned the furniture and fix-

[1]Reported in 224 Pac. 592.

tures within, and a lease upon, the Stanley Apartments, located in the city of Seattle. The appellant owned the furniture and fixtures and a lease upon the Donnelly Hotel, in the city of Tacoma. After considerable negotiations looking towards an exchange of properties, on December 1, 1921, these parties entered into a written agreement, the essential portion of which reads as follows:

"That the party of the second part (respondents) shall pay all just debts owing by the said Stanley Apartments Inc. as of December 1, 1921, and all rentals and interest shall be adjusted as of said date, and that the party of the first part (appellant) shall adjust with the parties of the second part all debts, rentals and obligations of the Hotel Donnelly as of the same date, to-wit; December 1, 1921; and it is further agreed that the parties of the second part will furnish the party of the first part with full and complete information for the purpose of making return of income of the said Stanley Apartments, a corporation, for the period commencing January 1, 1921, and ending November 30, 1921, and that the parties of the second part will pay 11/12ths of any taxes that may be assessed against said corporation for the calendar year 1921."

There were certain mortgages against the Stanley Apartments, Incorporated, property which the appellant assumed. The respondents were to pay the appellant an additional consideration of $7,000 to be secured by a chattel mortgage upon the furniture and fixtures of the Donnelly Hotel, which was executed by the respondents and put in escrow and was so held at the time of the commencement of this action. Immediately after the execution of the contract mentioned, the respective parties exchanged the properties. Respondents insist that, under the terms of the above agreement, appellant should pay the following items:

(1) Personal property taxes for the year 1921 on the Donnelly Hotel property, $487.87.

(2) Taxes for the year 1921 on the leasehold real property of the Donnelly Hotel, $6,608.48.

(3) Local improvement assessments against the same property, $1,548.28.

(4) Federal income tax against the same property for the year 1921, $660.

There were also a few minor items in addition to those above given. All these sums the respondents were compelled to pay in order to keep their lease alive.

By this suit the respondents sought to have these various items charged against the appellant and credited on the $7,000 mortgage above mentioned, for a cancellation of the mortgage, and for personal judgment for all over the amount of the mortgage. Appellant denied liability and set up a counterclaim and set-off and asked that possession of the note for $7,000 be given her. The court, trying the case without a jury, found that it was the duty of the appellant to pay 8/12ths of the 1921 personal property tax and 8/12ths of the 1921 real property tax and 11/12ths of the 1921 income tax, all of the local assessments, and certain other minor items, all amounting to $8,086.81, and that appellant had a counterclaim and offset in the sum of $244.23, thus leaving a balance in favor of the respondents in the sum of $7,842.58. The court cancelled the note and mortgage given by the respondents and gave a personal judgment against the appellant for $842.58, from which this appeal is taken. Respondents have cross-appealed.

The chief question is whether the items above mentioned are to be charged against the appellant under the terms of her contract which provided that she "shall adjust with the party of the second part (re-

spondents) all debts, rentals and obligations of the Donnelly Hotel, as of the same date, to-wit; December 1, 1921." The lease to the Donnelly Hotel real estate which appellant assigned to the respondents provided that the lessee should pay "before delinquency all taxes, assessments, liens or other incumbrances which may be levied, assessed, accrue or arise" against the hotel real estate, and also all income tax chargeable against the owner of the hotel real estate.

The 1921 personal property tax involved was levied in October of that year, became a lien as of March 1 of that year, and became delinquent after February, 1922. The 1921 real estate tax was levied in October, 1921, became a lien on March 1 of that year, and was delinquent after May 31, 1922. The testimony with reference to the local assessments is somewhat meagre, but from it we can determine that it became a lien on October 22, 1921, and delinquent on November 22, 1922. It will thus be observed that, at the time of the execution of the contract upon which this suit is maintained, to wit, December 1, 1921, the real and personal property taxes in question had become liens but were not payable, and of course were not delinquent. While the local improvement assessment may have been payable, it was not delinquent.

Appellant contends that the contract does not require her to pay any portion of those taxes and assessments, while respondents argue that she is obligated to pay all the local improvement assessment and "adjust as of December 1, 1921," the real and personal property taxes and the income tax. By their cross-appeal they contend that the trial court should have required appellant to pay a larger percentage of these taxes than determined by the judgment.

In this agreement we have no mention of taxes, except in the latter portion of the paragraph it pro-

vides "that the parties of the second part will pay 11/12ths of any taxes that may be assessed against the said corporation for the calendar year 1921." While it refers specifically to the income tax of the Stanley Apartments, it particularly states that the second parties shall pay 11/12ths of any tax assessed against the Stanley Apartments, Incorporated. No reference is made in the agreement to the payment of the taxes upon the Donnelly Hotel. Since reference is made to the debts of the Stanley Apartments and the debts of the Donnelly Hotel, and thereafter the taxes of the Stanley Apartments are specifically mentioned and no reference made to the taxes of the Donnelly Hotel, these taxes, it is contended, were not considered or they would have been mentioned in the contract.

The lease agreement of the Donnelly Hotel was for the period of ten years extending from the first day of January, 1918, for which the lessee agreed to pay the sum of $120,000, at the rate of $1,000 per month in advance on the first day of each and every month, beginning with January 1, 1918.

It is the contention of appellant that the taxes for the year 1917, levied prior to the execution of the lease agreement, would become a lien and be payable in the year 1918, the first year of the operation of the lease, and that this is the construction given by the parties to this lease agreement, and was so understood by the respondents at the time of the exchange of the property and the execution by them of the $7,000 mortgage upon the Donnelly Hotel to appellant as part of the consideration for the exchange.

Respondents contend that, under the terms of the lease, the taxes levied in one year are considered an obligation of the lessee and, under the terms of the lease, are to be paid by the assignor even though they do not become a lien and payable until a year there-

after. Under this contention the lessee would be required to pay the taxes assessed for the year 1928 and not becoming a lien or payable until the year 1929, after the final expiration of the lease agreement.

Had the contract made no reference to the adjustment of the rent of December 1, 1921, would it be contended that the appellant should be required to pay the balance of the $120,000 rental which was an obligation of the lessee not yet matured?

In the case of *Trask v. Graham,* 47 Minn. 571, 50 N. W. 917, the lessee agreed to assume and pay all real estate taxes levied on the leased premises during the term of the lease, and thereafter conveyed all his right, title and interest in and to the same and agreed to warrant and defend the title thereto against lawful claimants. This assignment was made on the 2d day of February, 1889.

"The lien of the taxes attached to the land January 1st, the obligations to pay them under the lease had not yet matured, and there is no covenant against incumbrances or liens on the land. Defendant merely transfers his right, title, and interest in the mill and lease, and this is all the covenant of warranty applies to. He does not warrant the title to the land. *Sweet v. Brown,* 12 Met. (Mass.) 177. No breach of the covenant of warranty is shown or relied on. Rawle, Cov. (4th Ed.), 178, note."

"As respects the relations of the assignee of a lease the rule is: 'When a covenant relates to or is to operate upon a thing in being, parcel of the demise, the thing to be done by force of the covenant is, as it were, annexed to the thing demised, and goes with the land, binding the assignee to performance, though not named; and the assignee, by accepting possession of the land, subjects himself to all the covenants that run with the land.' Tayl. Landl. & Ten. sec. 437; *Spencer's Case,* 5 Coke, 16; *Blake v. Sanderson,* 1 Gray 332. The foundation of this liability of the assignee is the privity

of estate that exists between him and the lessor. The covenant to pay the rent and taxes runs with the land, and the plaintiff, Trask, under the assignment, assumed the liability for the rent and taxes that accrued and became due during his possession as assignee. *Van Rensselaer v. Bonesteel,* 24 Barb. 365; *Post v. Kearney,* 2 N. Y. 394. . . . It follows from the application of these principles to this case that the assignee, Trask, was himself liable for the rent for the whole quarter within which he became assignee, the rent not having yet accrued, and which he must be held to have assumed. And the quarter's rent in such cases is not to be apportioned. *Graves v. Porter,* 11 Bar. 592. We are unable to see why the same rule does not apply as to the taxes. The covenant to pay was general, and would be satisfied if paid within the year and so as to save the lessor harmless. The lessees would not be in default, at least till the taxes became delinquent, which would not be till June 1st. There had been no breach of the covenant to pay the taxes, and the assignee took the leasehold estate *cum onere* as to them also. The plaintiff, as assignee, was liable directly to the lessor upon the covenant to pay the taxes. There had been no previous breach of the covenant, and the plaintiff, as assignee, took the place of the lessee in respect to liability upon covenants not yet matured. *Mason v. Smith,* 131 Mass. 510. It must be presumed that the contract was made in contemplation of the legal relations of the parties, and that the consideration was adjusted accordingly. If the plaintiff, as between them, was not to stand in the place of the defendant, and the defendant was to remain liable for the unpaid rent and taxes not yet due, it should have been so expressed in the contract.''

See, also, *Minneapolis, St. P. & S. S. M. R. Co. v. Linnell,* 155 Minn. 103, 192 N. W. 365.

The contract does not specifically require appellant to pay the taxes and assessments for the year 1921. The facts show the intention of the parties. At the time of the assignment of the lease to respondents, appellant was required to pay and did pay the delinquent

obligations of the leasehold. These taxes and assessments could have been approximately ascertained at that time, and if they were considered obligations of appellant the mortgage of $7,000 would not have been given. At that time appellant was not in default in the payment of the taxes. They were not delinquent. The assignees took the place of the lessee in respect to the obligations of the lease not yet matured or in default. The real and personal taxes, the Federal income tax for the year 1921, and the local improvement assessments were not delinquent on December 1, 1921, and are obligations of respondents and not of appellant.

What we have said above disposes of the cross-appeal.

The judgment of the trial court is reversed and the case remanded with directions to enter judgment consistent with the views herein expressed.

FULLERTON, PARKER, HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.

BRIDGES, J. (dissenting)—I cannot agree with the reasoning of the foregoing opinion. It holds, as I read it, that there was nothing in the agreement which required the appellant to pay any of the real or personal taxes. It seems to me that it entirely loses sight of that provision in the contract to the effect that the appellant "shall adjust . . . all debts, rentals and obligations of the Hotel Donnelly as of the same date, to-wit, December 1, 1921." The opinion seems to concede that it was her duty to "adjust" the rentals as of December 1. If so, then why was she not also required to "adjust" as of the same date all other "obligations of the Hotel Donnelly?" Certainly these taxes were a lien upon the property, although not then payable. If the appellant was to adjust nothing but the rent,

then why the provision in the contract that she was also to adjust all debts and obligations? These taxes were unquestionably obligations and she agreed to adjust them as of a certain date, that is, she agreed to pay her just proportion of them. Indeed, she has construed this provision of the contract as including taxes, because she conceded that she was thereby obligated to pay the personal property tax for the year 1920. I think the judgment should be affirmed.

MAIN, C. J., and MITCHELL, J., concur with BRIDGES, J.