SECURITY SYSTEM COMPANY *vs.* S. S. PIERCE COMPANY.

Bristol.    October 25, 1926. — November 27, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant,* Surrender of lease, Covenant to pay taxes.

By a provision in a lease of real estate in this Commonwealth, the lessee covenanted to assume, pay and discharge "all assessments, charges, duties, cost of insurance and taxes which shall be assessed upon or payable for or in respect to said premises . . . in each and every year." The lessee assigned his rights under the lease to one who covenanted with the then owner to perform all the agreements in the lease to be performed by the lessee.   On July 9, the owner by warranty deed conveyed the property to one to whom on September 14 the lessee's assignee did "remise, release, and forever quitclaim . . . all right, title and interest which the said [assignee of the lease] has in and to" the premises. This grantee of the term and of the reversion paid, when they became due in October, taxes which had been assessed in the previous April, and brought an action against the lessee's assignee for reimbursement.   *Held,* that

(1) The deed of the lessee's assignee to the owner was a surrender of the lease and released the assignee from any future obligation under the covenant as to taxes;

(2) At the time of the deed by the lessee's assignee to the owner, the covenant was not broken, the taxes not then being due;

(3) By reason of the surrender, the lease was merged in the reversion and the defendant's liability to pay the taxes which were not then payable was at an end.

CONTRACT for $3,528.66, alleged to be due from the defendant under a covenant to pay taxes assessed upon leased property.   Writ dated April 12, 1926.

In the Superior Court, the action was heard by *Dillon,* J., without a jury, upon an agreed statement of facts.   Material facts are stated in the opinion.  The judge found for the defendant and reported the action to this court for determination.

*A. E. Seagrave,* for the plaintiff.

*C. F. Dutch,* for the defendant.

CARROLL, J.   A lease of real estate provided for the erection of a building on the premises by the lessee, the building to be purchased by the lessor at the termination of the lease at an agreed price, the lessee covenanting to assume,

pay and discharge "all assessments, charges, duties, cost of insurance and taxes which shall be assessed upon or payable for or in respect to said premises . . . in each and every year." The lease was assigned to the defendant, which agreed to keep and perform all the covenants of the lease and to save the assignors harmless therefrom. The owner of the premises assented to the assignment, and the defendant by a separate instrument covenanted with the then owner to perform all the agreements in the lease to be performed by the lessee.

The defendant on September 14, 1925, did "remise release, and forever quitclaim" to the plaintiff, to whom the former owner on July 9, 1925, had conveyed the premises by warranty deed subject to the lease of the premises, "all right, title and interest which the said S. S. Pierce Company has in and to" the premises in question. The plaintiff thereupon took possession of the real estate. The taxes assessed as of April 1, 1925, became due in October of that year and were paid by the plaintiff. It has made demand on the defendant for reimbursement. The action is to recover the amount of the tax for the year 1925, with interest from October 28, 1925. It was agreed, that in the negotiations between the plaintiff and defendant the question of taxes was not discussed; that the taxes were not payable and could not have been paid until after the transfer from the defendant to the plaintiff.

A covenant to pay taxes is a covenant running with the land. *Mason* v. *Smith,* 131 Mass. 510. The taxes assessed on April 1, 1925, were a lien upon the premises from that date. G. L. c. 59, § 21. *Carr* v. *Dooley,* 119 Mass. 294. *J. L. Hammett Co.* v. *Alfred Peats Co.* 217 Mass. 520. The defendant by the quitclaim deed of September 14, 1925, gave to the plaintiff whatever title the defendant had to the real estate in question. It was a surrender to the plaintiff of all the defendant's rights under the lease, and the plaintiff took possession of the premises. Where there is a surrender of a lease, and an acceptance by the lessor, the lessee is not liable for rent becoming due and payable after the surrender. *Deane* v. *Caldwell,* 127 Mass. 242, 248.

Future liability under the covenants in the lease is concluded by the surrender. *Johnson* v. *Stone,* 215 Mass. 219, 221. *Deane* v. *Caldwell, supra.* In *Paul* v. *Chickering,* 117 Mass. 265, relied on by the plaintiff, there was no surrender of the lease. It was terminated in pursuance of a proviso in the indenture. In *Richardson* v. *Gordon,* 188 Mass. 279, the landlord entered under a stipulation in the lease, for nonpayment of rent and taxes. The term was ended by the operation of the language of the lease.

The taxes for the year 1925 could not have been paid until after the defendant had transferred all its interest in the estate and the plaintiff had entered into possession. There was no covenant broken when these transactions took place, and the defendant is not liable on the covenant to pay rent in the future or to pay taxes not payable at that time. The defendant covenanted to pay taxes; its liability continued during the term. *Mason* v. *Smith, supra,* page 511. But by reason of the surrender, the lease was merged in the reversion and the defendant's liability to pay the taxes which were not then payable was at an end.

In *Trask* v. *Graham,* 47 Minn. 571, and *Minneapolis, St. Paul & Sault Ste. Marie Railway* v. *Linnell,* 155 Minn. 103, the leases contained covenants for the payment of taxes by the lessees. In each of these cases the lease was assigned after the tax was assessed, but before it was payable. It was held there was no breach of the covenant at the time of the assignment, and that the assignee was liable for the taxes already assessed but not payable at the date of the assignment. In each of these cases there was an assignment of the lease, but this distinction is not material. The principle is applicable when the lease is surrendered. By this surrender of the lease the benefits and burden became vested in the plaintiff. It had the entire estate, and there was no longer any liability upon the defendant for the payment of the taxes not due and payable at the time of the surrender. By accepting the conveyance the plaintiff exonerated the defendant from liability on the covenants in the lease to be performed in the future.

*Judgment for defendant on the finding.*