MUTUAL CREAMERY INSURANCE COMPANY v.
WILLIAM JAMES THOMAS AND OTHERS.

191 N. W. (2d) 831.

November 12, 1971—No. 42905.

*Chestnut, Jones, Brooks, Kennedy & Burkard* and *Joseph T. Burkard,* for appellant.

*Cummins, Gislason, Sheahan, Joyce & McHaffie* and *A. W. Cheney,* for respondent plaintiff.

*Austin D. Ditzler,* for respondent defendants.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

This appeal arises out of an insurer's subrogation action, in the sum of $769.03, commenced in Hennepin County District Court and there-

after transferred by consent of the parties to Hennepin County Municipal Court.

Plaintiff, Mutual Creamery Insurance Company, insurer of defendant Howard E. Severson, paid that sum to Severson, under the collision provisions of its automobile policy, as a result of a rear-end collision between the automobile of Severson and an automobile owned by defendant Hansord Pontiac. Thereafter Severson commenced an action against Hansord involving the same damages, which was settled favorably for Severson by Hansord's insurer, Royal-Globe Insurance Companies. Mutual Creamery meanwhile had notified Royal-Globe of its subrogation rights under its policy with Severson, but Royal-Globe inadvertently paid the disputed sum to Severson. Mutual Creamery commenced this action to recover the $769.03 from either Severson or Hansord, and Hansord (Royal-Globe) cross-claimed against Severson for indemnification.

The principal issue is whether trial of the subrogation issue was outside the jurisdiction of the Hennepin County Municipal Court, limited by Minn. St. 488A.01, subd. 7(a), as an action "where the relief asked for in the complaint is purely equitable in its nature."[1] We hold that it was not.

The action against Severson is not, in our view, "purely equitable in its nature." Although the doctrine of subrogation is equitable in origin, it is "now recognized at law as well as in equity," Wills v. Summers, 45 Minn. 90, 92, 47 N. W. 463, 464 (1890), much as the theory of quasi-contract has developed into a common-law remedy. Roske v. Ilykanyics, 232 Minn. 383, 45 N. W. 2d 769 (1951). This claim of plaintiff against defendant Severson for a money judgment is not based solely upon general equitable principles, moreover, for plaintiff's right to subrogation is in express terms provided in the insurance policy as a matter of contract.

Defendant Severson's second contention—that the trial court's findings of fact do not support a conclusion of law that he is liable either on the claim of plaintiff or the cross-claim of the other defendants—likewise is without merit.

Affirmed.

---

[1] Defendant Severson, of course, contends that, notwithstanding his prior and clear consent to the transfer from district court to municipal court, jurisdiction of subject matter cannot be conferred by consent. His objection is unassailable as a technical matter.