**Gary ARMSTRONG, Appellant,**

v.

**Robert L. CARR, Respondent.**

**No. CX–83–1493.**

Court of Appeals of Minnesota.

Jan. 4, 1984.

Daniel L. Giles, Marshall, for appellant.

Robert L. Gjorvad, Marshall, for respondent.

Considered by POPOVICH, C.J., and FOLEY and SEDGWICK, JJ., and decided by the court with oral argument waived.

## OPINION

SEDGWICK, Judge.

This case involves an appeal by Gary Armstrong of a judgment denying him reimbursement from Robert Carr for retiling the floor of a building he leased from Carr. Armstrong sought reimbursement under a theory of unjust enrichment. The trial court found that the lease obligated Armstrong to pay for the retiling. We affirm.

Carr initially leased the building to City Products Corporation. City Products as-

signed the lease to Armstrong. The lease made Carr responsible for maintenance, and tenants responsible for repairs necessitated by their acts or omissions. The lease also permitted tenants to make business improvements to the building at their own expense.

A tenant who held the lease before Armstrong tiled the floor of the building, but neglected to tile under fixtures. This omission made it necessary to retile the entire floor when the fixtures were moved.

In October 1982 Armstrong contracted to sell his business to Arnold Zimmerman. The sale was contingent upon Zimmerman being able to negotiate a satisfactory lease with Carr. Carr informed Zimmerman that if he leased the property he would have to retile the floor. Zimmerman refused to complete the sale until the floor problem was resolved. Armstrong retiled the floor at a cost of $5,301.47 and the sale was consummated.

■ The lease did not require Armstrong or Carr to retile the floor. Carr was not required to do the retiling because it was a cosmetic repair necessitated by the omissions of a tenant. Armstrong was not required to do it because a prior tenant caused the damage. An assignee of a lease is liable only for obligations maturing or breaches occurring while he holds the estate as assignee, and not for those which occurred before he became assignee or after he ceased to be such. *Trask v. Graham,* 47 Minn. 571, 573, 50 N.W. 917, 918 (1891).

■ Armstrong argues that Carr "coerced" him to retile the floor and should reimburse him for the work. Carr never required Armstrong to retile the floor. Armstrong chose to do the work to expedite the sale of his business. Therefore, the retiling was a business improvement for which he is responsible under the lease.

Since the lease controls, we need not reach Armstrong's unjust enrichment claim.

Affirmed.