In re ESTATE OF Alpha Louella VAN-GEN, a.k.a. Alpha Vangen, Deceased.

No. C5–84–2092.

Court of Appeals of Minnesota.

July 9, 1985.

Alfred C. Schmidt, Bemidji, for appellant.

Edwin M. Odland, Crookston, for respondent.

Considered and decided by POPOVICH, P.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

The personal representative of Alpha Vangen's estate appeals from an order allowing the claim of John Brooks, Jr. We reverse and remand.

## FACTS

Before 1978, Alpha Vangen actively farmed her land in Clearwater County. In the fall of 1978, respondent John Brooks, Jr. rented 131 tillable acres under an oral agreement with Vangen and continued to

farm the land until fall 1982. Respondent rented at a rate of $20.00 per acre per year, or $2,620 per year. Respondent claims that there was a fertility problem and a substantial weed problem when he first rented the land.

In spring 1981, respondent told Vangen he wanted to plant alfalfa on the rented land. He asked if she thought he could continue to farm the land and she said he could. There was no discussion about an exact length of time.

Respondent planted 40 acres of alfalfa in 1981 and an additional 17 acres in 1982. When Vangen died, the land was no longer available for respondent to rent. Respondent sued on a theory of unjust enrichment for the improvements he claimed he made on the land.

The entire claim is apparently based on cost of establishing the alfalfa and the cost of ditching and breaking. Respondent used a University of Minnesota "guide" to claim a cost of $171.89 per acre as the cost of establishing the alfalfa. These figures included interest, storage, rent, herbicide, seeding, and harvesting costs. Respondent calculated that, based on a six year life, the net cost and value of the alfalfa was $2,242.30. In addition, he made a claim for ditching and breaking, also based on University of Minnesota guidelines regarding equipment cost and estimated cost of labor. In 1982, respondent took three crops of alfalfa from the 40 acre parcel. He testified that the market value ranged between $40 and $80 per ton, and was about $50 to $55 in 1982.

Respondent did not claim that Vangen promised to pay for his work nor did he claim payment from Vangen during her lifetime, although before he rented, she had paid him for services.

The trial court's order allowed this claim. The memo accompanying the order stated:

The claim of the claimant does not appear to be unreasonable, considering the general improvement to the land which an alfalfa crop can bring.

The Court does not believe that the decedent and the claimant would have comtemplated (sic) that the claimant would plant alfalfa and not farm the land for several years. Both decedent and claimant were experienced and knowledgeable in farming and undoubtedly knew that alfalfa is a long term crop.

### ISSUES

1. Is this appeal from an order granting a claim under the Probate Code appealable?

2. Did the trial court err in allowing the claim under a theory of unjust enrichment?

### ANALYSIS

■ 1. Under Minn.Stat. § 525.71(5) (1984) (probate code), an appeal may be taken to the court of appeals from:

an order permitting, or refusing to permit, the filing of a claim, or allowing or disallowing a claim or counterclaim, in whole or in part, when the amount in controversy exceeds $100;

Therefore, the trial court's order allowing respondent's claim is appealable.

■ 2. Unjust enrichment claims do not lie simply because one party benefits from the efforts or obligations of others, but instead it must be shown that a party was unjustly enriched in the sense that the term "unjustly" could mean illegally or unlawfully. *First National Bank of St. Paul v. Ramier*, 311 N.W.2d 502, 504 (Minn.1981). Here, Alpha Vangen had done nothing illegal or inequitable. Respondent merely failed to get a lease for a specific term.

■ The North Dakota Supreme Court held that in the absence of an agreement, a tenant who grows alfalfa may not recover for improvements made on the landlord's property. *Greeman v. Smith*, 138 N.W.2d 433 (N.D.1965). There, the improvements were mainly clearing and cultivating the land and planting alfalfa. This is in keeping with the general rule that absent an agreement in the lease regarding improvements, lessee is not entitled to a lien for improvements made. *See* Annot., 25 A.L. R.2d 885, 888 (1952).

Where tenant chose to retile a floor to expedite the sale of his business, retiling was a business improvement for which he was responsible under the lease. *Armstrong v. Carr*, 341 N.W.2d 582, 583 (Minn. Ct.App.1984). Likewise, here respondent chose to ditch and plant, without any request to do so by Alpha Vangen. Respondent is responsible for those costs.

Respondent cites *Roske v. Ilykanyics*, 232 Minn. 383, 45 N.W.2d 769 (1951), to support his claim. This case, however, is distinguishable. There, the landowner refused to perform an oral contract for sale, and then wanted to retain improvements the buyer made in good faith in reliance on the promise.

Here, tenant failed to get a lease for a specific amount of time. He planned to farm the alfalfa for some years, and is now upset that the land was sold after Vangen's death. This is not a valid unjust enrichment claim, however. We therefore reverse and remand.

### DECISION

We reverse the trial court's order allowing respondent's claim against the estate of Alpha Vangen. We remand for further proceedings in keeping with this decision.